Filed 4/20/21  P. v. Salter CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

KENNETH WAYNE SALTER,

    Defendant and Appellant.

E075177

(Super. Ct. No. INF1303266)

OPINION

APPEAL from the Superior Court of Riverside County.  Harold W. Hopp, Judge. Dismissed.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2014, defendant and appellant Kenneth Wayne Salter pled guilty to three felony counts arising out of conduct that included his assaulting two victims with a deadly weapon, one of whom was a security guard whom Salter seriously injured.  The plea was a negotiated bargain where the trial court struck one strike and five prison priors.  Salter

1

admitted a different strike conviction and two serious prior convictions. He received a sentence of 24 years and four months. The conviction became final when no direct appeal was filed.

Several years later, on February 4, 2020, Salter filed a motion to set aside his sentence. This motion is at issue in this appeal. He raised one argument in his motion: that the prior strike that he admitted, a burglary conviction, did not qualify as a strike because no victim was present for the burglary. The trial court denied his motion in a ruling also on February 4, 2020, stating: "This is incorrect. A residential burglary is a strike regardless of whether someone other than an accomplice was present."

Defendant took this appeal from the trial court's denial of that motion.

We have jurisdiction over postjudgment appeals only if they may affect the substantial rights of a party. (Pen. Code[1], § 1237, subd. (b).) Consequently, we would have jurisdiction over an appeal from a motion filed pursuant to a statute that authorizes a particular postjudgment challenge to a sentence, such as section 1170.126, 1170.18, or 1170.95. But Salter cited no statute as providing a basis for his motion, and no such statute exists.

We thus have no jurisdiction over this appeal. "Generally, once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence." (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1084.) "If the trial court does not have jurisdiction to rule on a motion to vacate or

---

[1] Undesignated statutory references are to the Penal Code.

modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed." (*Id.* at p. 1084.) Following this rule, we must dismiss the appeal.

We note that Salter's motion asserted that it challenged an "unauthorized sentence" under *People v. Scott* (1994) 9 Cal.4th 331, 354. Under *Scott*, there is a "narrow exception" to the general rule that a party must object to a sentence in trial court to challenge it in a direct appeal from a conviction or in a petition for habeas corpus. (*Ibid.*) That exception is for a sentence that "could not lawfully be imposed under any circumstance" in the case, "independent of any factual issues" that would be addressed at sentencing. (*Ibid.*) This exception would not apply here even if this were a direct appeal from a conviction or a habeas petition. Salter's argument in his motion had both a legal component (that a burglary conviction cannot serve as a strike if no one is present) and a factual component (that the burglary strike he admitted at his plea hearing fit that criterion). Such a challenge must be brought, if at all, with an objection at his plea hearing or sentencing and a direct appeal from the judgment, not a motion several years later. (See *People v. Gallardo* (2000) 77 Cal.App.4th 971, 980-981 [postjudgment order "ordinarily is not appealable when the appeal would merely bypass or duplicate appeal from the judgment itself"].)

Not only is there no jurisdiction here, but Salter and his counsel have raised no appellate argument that even attempts to challenge the trial court's ruling. Salter's appointed counsel filed a brief raising no issues, referring to the procedures in *People v.*

*Wende* (1979) 25 Cal.3d 436. When a defendant has taken a direct appeal from a judgment of conviction, *Wende* requires us to review the entire record to determine if there are meritorious issues in the case, even if counsel raises none. (*People v. Scott* (2020) 58 Cal.App.5th 1127, 1130.) But the *Wende* procedure is not mandated for postjudgment appeals. (*Ibid*.) There is no reason for us to review the record here, where there is no jurisdiction over the appeal. Dismissal is appropriate because appellate jurisdiction is not somehow conferred on us by counsel filing a brief raising no issues.

Following a common procedure, our court invited defendant to personally file a supplemental brief, and he did so. This arguably makes it reasonable for us to treat the case as contested and issue this opinion rather than a brief dismissal order. (*People v. Scott*, *supra*, 58 Cal.App.5th at p. 1131.) But, like his counsel, defendant made no effort to even address the trial court's order. Instead he raised four new arguments challenging his sentence. These arguments have nothing to do with the February 4, 2020, order that is the subject of this appeal. "'Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from.' [Citation.] We have no jurisdiction over an order not mentioned in the notice of appeal." (*Faunce v. Cate* (2013) 222 Cal.App.4th 166, 170.) Before defendant's new challenges may be considered on appeal, he must obtain a trial court ruling adjudicating them and appeal from that ruling.[2]

_____

[2] The differing approaches of the majority and the dissent in this case implicate two recurring issues. First, where there is no jurisdiction over an appeal from a postjudgment order, does a no-issues brief confer jurisdiction for us to review and affirm in the case, rather than dismiss it? (See *People v. Scott*, *supra*, 58 Cal.App.5th p. 1134 fn.6 [noting existence of nonpublished opinions affirming orders on new laws that are not

*[footnote continued on next page]*

In sum, Salter's judgment of conviction is long final, and he appealed from a specific postjudgment order. The trial court had no jurisdiction to correct his sentence based on his challenge, so we dismiss his appeal as taken from a postjudgment order that does not affect his substantial rights. (§ 1237, subd. (b); *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208.)

DISPOSITION

The appeal is DISMISSED.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL
J.

I concur:

SLOUGH
J.

---

retroactive and various other claims for which there generally is no jurisdiction under section 1237, subdivision (b)].) We believe appellate jurisdiction is not conferred by a brief. Second, when we do take jurisdiction over an appeal from a postjudgment order, does a no-issues brief permit us to scour the record looking for arguable issues, similar to *Wende* review on direct appeal, or are we limited to the scope of the order appealed from, as we are in cases where the defendant raises an issue. Perhaps our Supreme Court in *People v. Delgadillo*, review granted, Feb. 17, 2021, S266305, will shed light on these issues.

[*People v. Salter*, E075177]

RAMIREZ, P. J., Dissenting.

I respectfully disagree with the majority's decision to dismiss this postjudgment appeal in which appointed appellate counsel has filed a no-issues brief in accordance with *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738.

Although we are not required to conduct an independent review of the record and issue an opinion in keeping with the *Wende* procedures set forth in *People v. Kelly* (2006) 40 Cal.4th 106, 119-124, we have inherent discretion to do so in the interests of justice. (*People v. Gallo* (2020) 57 Cal.App.5th 594, 597-600; *People v. Flores* (2020) 54 Cal.App.5th 266, 269, 273-274; see generally *Conservatorship of Ben C.*(2007) 40 Cal.4th 529, 544, fns. 7, 8 [court has inherent power to retain or dismiss an appeal from a conservatorship proceeding upon receipt of a no-issues brief from appointed counsel].) I chose to exercise that discretion in this case.

Here, defendant did not obtain a certificate of probable cause. Accordingly, I limited my discretionary review of the record to matters unrelated to the validity of defendant's plea and found no arguable issues. I would affirm.

RAMIREZ

P. J.