Filed 5/27/21  P. v. Rios CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JORGE LUIS REYES RIOS,<br><br>        Defendant and Appellant. | E075173<br><br>(Super.Ct.No. FSB036912)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Steve Malone and Arthur A. Harrison, Judges.  Affirmed.

Jorge Luis Reyes Rios, in propria persona; and Stephen M. Lathrop, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Jorge Luis Reyes Rios appeals from a postjudgment order denying his motion to modify the abstract of judgment.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California*

(1967) 386 U.S. 738 (*Anders*), requesting this court to conduct an independent review of the record.  In addition, defendant has had an opportunity to file a supplemental brief with this court and has done so.  We find no error and affirm the order.

## PROCEDURAL HISTORY

On October 28, 2003, a jury found defendant guilty of six counts of robbery (Pen. Code,[1] § 211).  The jury also found true that defendant personally used a firearm (§ 12022.53, subd. (b); counts 1-6); defendant personally and intentionally discharged a firearm (§ 12022.53, subd. (c); counts 1, 2, 4, & 5); and defendant personally and intentionally discharged a firearm, which proximately caused great bodily injury (§ 12022.53, subd. (d); counts 1 & 2).

On December 16, 2003, the trial court sentenced defendant to a total determinate term of 41 years four months and a total indeterminate term of 50 years to life in prison as follows:  (1) the middle term of three years, plus a consecutive term of 20 years for the firearm discharge enhancement (§ 12022.53, subd. (c)) on count 4, designated as the principal term; (2) a consecutive one year, plus 25 years to life for the firearm discharge causing great bodily injury enhancement (§ 12022.53, subd. (d)) on count 1; (3) a consecutive one year, plus 25 years to life for the firearm discharge causing great bodily injury enhancement (§ 12022.53, subd. (d)) on count 2; (4) a consecutive one year, plus three years four months for the firearm use enhancement (§ 12022.53, subd. (b)) on count 3; (5) a consecutive one year, plus six years eight months for the firearm discharge

_____

[1] All future statutory references are to the Penal Code unless otherwise stated.

2

enhancement (§ 12022.53, subd. (c)) on count 5; and (6) a consecutive one year, plus three years four months for the firearm use enhancement (§ 12022.53, subd. (b)) on count 6.**2**

Defendant subsequently appealed. On March 28, 2005, we affirmed the judgment and remanded the matter for resentencing "consistent with the views expressed in this opinion." (*People v. Rios* (Mar. 28, 2005, E034982) [nonpub. opn.] at p. 6 (*Rios I*).) With respect to the sentence, we explained: "Accordingly, we conclude as to counts 1 and 2, where an enhancement has been found under section 12022.53, subdivision (d), any remaining enhancements found true as to those counts under section 12022.53 must be stayed under section 12022.53, subdivision (f). Similarly, where allegations under section 12022.53, subdivisions (b) and (c) are found true to the remaining counts, the court should impose the section 12022.53, subdivision (c) enhancement and stay the finding under section 12022.53, subdivision (b). Furthermore, the trial court should strike the section 12022.5 enhancement attached to each count." (*Rios I*, at p. 6.)

Following remand for resentencing, on July 20, 2006, defendant was sentenced to a total term of 84 years eight months as follows: (1) as to counts 1 and 2, the court stayed the lesser section 12022.53, subdivisions (b) and (c) firearm enhancements; (2) as to counts 3 through 6, the court stayed the section 12022.53, subdivision (b) firearm

---

**2** The clerk's minute order of the December 16, 2003 sentencing hearing incorrectly indicates imposition of sentence for the firearm enhancement allegations were stayed on counts 1, 2, 4, and 5 pursuant to section 1170.1, subdivision (f). The minute order also erroneously states the firearm enhancement allegations in counts 1 through 5 were stricken.

3

enhancements; and (3) as to all counts, the court struck the section 12022.5 firearm enhancement. As to count 4, the minute order states, "[p]ursuant to PC1170.1(f), imposition of sentence is stayed as to [a]llegation [ ] [section] 12022.53[, subdivision (b)]."

On August 15, 2019, following a request by the California Department of Corrections and Rehabilitation (CDCR) to review the abstract of judgment issued following resentencing, the trial court filed a corrected abstract of judgment. In relevant part, the corrected abstract of judgment reflects that on count 4 the court imposed a middle term of three years (as it originally had in December 2003), plus a consecutive term of 20 years for the firearm discharge enhancement allegation pursuant to section 12022.53, subdivision (c); the court stayed the lesser firearm use enhancement under section 12022.53, subdivision (b).

On October 9, 2019, following defendant's "Motion to Strike 12022.53 Enhancements[,]" the trial court issued the following order: "Defendant's request for modification of abstract is denied. The section PC 12022.53(c) enhancement has previously been ordered stayed as reflected in the 8/6/2006 abstract showing an (S) next to the entry."

On January 10, 2020, defendant filed a "Motion to Amended [*sic*] Abstract of Judgment, Clerical Error," dated December 30, 2019. Defendant requested the abstract of judgment, filed August 15, 2019, be amended to correctly reflect that the 20-year term for the firearm discharge enhancement (§ 12022.53, subd. (c)) on count 4 was stayed.

4

On January 27, 2020, the trial court denied the request, and the following day issued a written decision. In its written decision, the court explained the procedural background of the case and the confusion concerning the sentence on count 4. The court concluded that it "has reviewed [defendant's] letter dated December 30, 2019. As explained below, the abstract of judgment filed August 15, 2019 is correct regarding the imposition of sentence of 20 years as to Count 4 for Penal Code §12022.53 (c)."

On June 1, 2020, defendant filed a notice of appeal from the trial court's postjudgment order. Following a request for direction by Appellate Defenders, Inc. (ADI), concerning whether to appoint counsel for defendant due to a possible appealability issue, on July 8, 2020, this court issued an order directing ADI "to file the paperwork for appointment of counsel for [defendant]."

## DISCUSSION

As previously noted, counsel has filed a brief under the authority of *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738, setting forth a statement of the case, a summary of the procedural background and potential arguable issue, and requesting this court to conduct an independent review of the record. Counsel has raised the issue of whether the amended abstract of judgment correctly reflects the judgment.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. In his supplemental brief, defendant raises various unsupported issues, claiming (1) his due process rights were violated when the court held the restitution hearing in his absence; (2) his sentence is illegal and unauthorized; (3) the court erred in

5

imposing the section 12022.53, subdivision (c) firearm enhancement as to count 4 following the letter from CDCR; (4) the court's January 2020 decision denying his request to modify the abstract of judgment does not reflect the October 9, 2019 minute order; and (5) remand for resentencing is warranted under Senate Bill No. 620.

Defendant's case became final in 2006, and his abstract of judgment was corrected in 2019. This appeal comes from an order denying his request to correct that abstract of judgment. We have jurisdiction over the appeal as "[c]ourts may correct clerical errors at any time," and appellate courts may assume jurisdiction over appeals from rulings on claims of a clerical error. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185; see § 1237, subd. (b).)

Defendant's counsel raises no arguments. However, as noted, we allowed defendant to personally file a supplemental brief, and in it he renews his challenge to the order appealed. A review of the record indicates the amended abstract of judgment correctly reflects the judgment of the trial court; there was no clerical error. And because the discrepancy in the July 20, 2006 abstract of judgment (following remand for resentencing) was corrected, the motion to amend the abstract of judgment was properly denied. That's the end of this appeal.

Defendant raises four additional issues, but the most we have jurisdiction to do in this long-final case is reverse the order appealed from and thus correct a clerical error. " 'Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment

or order appealed from.' [Citation.] We have no jurisdiction over an order not mentioned in the notice of appeal." (*Faunce v. Cate* (2013) 222 Cal.App.4th 166, 170.)

Having examined the record from the order appealed from, we are satisfied that defendant's counsel has fully complied with his responsibility that no arguable appellate issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 110.)

## DISPOSITION

The order denying defendant's motion to amend the abstract of judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:

SLOUGH
J.

RAPHAEL
J.

7