10 Cal.Rptr.3d 553 (2004)
115 Cal.App.4th 585
In re LILIANA S. et al., Persons Coming Under the Juvenile Court Law.
San Diego County Health And Human Services Agency, Plaintiff And Respondent,
v.
Frank S. Et Al., Defendants And Respondents,
Agua Caliente Band Of Cahuilla Indians, Intervenor And Appellant.
No. D042428.
Court of Appeal, Fourth District, Division One.
January 9, 2004.
Art Bunce, Escondido, and Kathryn Clenney for Intervenor and Appellant.
John J. Sansone, County Counsel, Susan Strom, Chief Deputy County Counsel, and Katharine R. Bird, Deputy County Counsel, for Plaintiff and Respondent.
Suzanne F. Evans, San Diego, under appointment by Court of Appeal, for Defendant and Respondent Frank S.
Patti L. Dikes, under appointment by the Court of Appeals, for Defendant and Respondent Angelina T.
Christopher Blake, under appointment by the Court of Appeals, for the Minors.
O'ROURKE, J.
Agua Caliente Band of Cahuilla Indians (the Tribe) appeals orders at a Welfare and Institutions Code section 366.21 six-month review hearing continuing Liliana S. and Juliana S. dependent children of the juvenile court and continuing their placement *554 in the home of their paternal grandmother, Sonia S. (the paternal grandmother). The Tribe contends the mandatory order of preference for placement of dependent children of the Indian Child Welfare Act (ICWA)[1] and California Rules of Court, rule 1439(k)(1))[2] is not subject to the good cause exception of rule 1439(k)(4) and the juvenile court lacked good cause to deviate from the statutory order of preference. We affirm the orders.

FACTUAL AND PROCEDURAL BACKGROUND
In October 2002, the San Diego County Health and Human Services Agency (the Agency) petitioned under Welfare and Institutions Code section 300, subdivision (g) on behalf of six-year-old Liliana and one-year-old Juliana, alleging they had been left without provision for support. The mother is an enrolled member of the Tribe and the children are eligible for enrollment. The father is not Indian. The Tribe's reservation is located in Riverside County. The paternal grandmother is employed by the Tribe and she lives in the Riverside area close to the reservation. The parents and children have lived with her off and on during the past five years and Liliana and the parents wanted the children placed with her. The maternal great-grandmother, Beverly D., (the maternal great-grandmother) is a member of the Tribe, but does not live on the Tribe's reservation. She lives instead on the Pala Indian Reservation in northern San Diego County.
The Tribe's Council resolved that the maternal great-grandmother's home was the Tribe's preferred placement for the children. The Agency found both homes acceptable and recommended placement in the paternal grandmother's home because it is close to the Tribe's reservation and to reunification services and because the parents and Liliana wanted the children placed there.
The Tribe passed resolution No. 60-02, resolving the first order of preference for placement of the children is the maternal great-grandmother's home.
At the jurisdictional hearing on December 3, 2002, the court found the allegations of the petition true. In January 2003, the Tribe filed a notice of intervention. On February 14, 2003, it filed an amended resolution (No. 60-02A), resolving that "extended family" meant only a child's Indian relatives and not his or her non-Indian relatives. It reaffirmed that its first preference for placement was with the maternal great-grandmother.
At the dispositional hearing in February 2003, after testimony by an Indian expert, a representative of the Tribe, a counselor, the social worker and family members, including the paternal grandmother, the maternal great-grandmother and the mother, the court declared the children dependent children, removed them from the parents' care and ordered them placed with the paternal grandmother. It found both the paternal grandmother and the maternal great-grandmother are part of the children's extended family so it was not required to find good cause to deviate from the Tribe's placement preference. Nevertheless, it did find there was good cause not to follow the Tribe's preference, most importantly Liliana's desire to live with the paternal grandmother. It also considered the parents' wishes and the proximity of the paternal grandmother's home to the parents, allowing more frequent visitation.
*555 On April 21, 2003, the Tribe petitioned for a writ of mandate seeking a change of placement. The petition was summarily denied in case number D042005.
For the six-month review hearing, the Agency reported the children were doing well with the paternal grandmother and the parents were visiting on a consistent basis. It recommended continuing services and continuing the placement. At the six-month review hearing on May 1, 2003, the Tribe requested the court reconsider its placement decision and place the children with the maternal great-grandmother. The court denied the request, noting there were no new facts or circumstances to warrant a change of placement. The court continued placement with the paternal grandmother and continued services.
The Tribe appealed. The father, joined by the mother and the children, moved to dismiss on the ground the Tribe's appeal is actually an untimely appeal from the disposition order. On October 6, 2003, this court denied the motion, ruling the issue of whether the Tribe waived its arguments regarding the children's placement by its failure to appeal the disposition order would be considered on appeal.

DISCUSSION
The Tribe contends the mandatory order of preference for placement of dependent children of the ICWA is not subject to the good cause exception of rule 1439(k)(4) and the juvenile court lacked good cause to deviate from the statutory order of preference.
The Agency, the parents and the children assert the Tribe's appeal is merely a belated challenge to the placement orders made at the dispositional hearing in February 2003. They argue no new evidence or argument was presented at the six-month hearing and the Tribe has waived the issue.
We agree that the Tribe has waived the issue of the children's placement. "`An appeal from the most recent order entered in a dependency matter may not challenge prior orders, for which the statutory time for filing an appeal has passed.'" (In re Megan B. (1991) 235 Cal.App.3d 942, 950, 1 Cal.Rptr.2d 177, quoting In re Elizabeth M. (1991) 232 Cal.App.3d 553, 563, 283 Cal.Rptr. 483.) "[A]n unappealed disposition or postdisposition order is final and binding and may not be attacked on an appeal from a later appealable order." (In re Meranda P. (1997) 56 Cal.App.4th 1143, 1150, 65 Cal.Rptr.2d 913.) Here, the Tribe challenged the orders at the dispositional hearing by filing a writ petition. The petition was summarily denied. At the six-month hearing, the Tribe put forth no new evidence, but merely requested the court reconsider the placement decision it had made at the dispositional hearing. The orders made at the dispositional hearing are now final. The Tribe may not challenge them as an appeal from the orders made at the six-month hearing.[3]
Even had the Tribe not waived its challenge to the placement orders, however, we would find no merit in its arguments. Welfare and Institutions Code section *556 361.3, subdivisions (a) and (d) provide relatives are preferred as placement for dependent children. Title 25 United States Code section 1915(b) states for an Indian child, foster or preadoptive placement preference must be given to the Indian child's extended family, then to a foster home licensed or approved by the tribe. Rule 1439(k)(3) states in the case of foster care or preadoptive placement for an Indian child the preferred placement is with the child's extended family, then to other members of the child's Indian tribe. Here, both the maternal great-grandmother and the paternal grandmother are members of Liliana and Juliana's extended family. The maternal great-grandmother is a member of a Tribal family although she does not live on the Tribe's reservation, but on the Pala Indian Reservation. The paternal grandmother, while not an Indian, lives near the Tribe's reservation, works there, and, through another relative, has provided teaching to Liliana of her Tribal heritage. The Tribe's resolution that only Indian relatives should be considered for placement, and particularly the maternal great-grandmother, eliminates all members of these children's paternal family as potential placement alternatives. In our view, resolution No. 60-02A conflicts with the requirements of title 25 United States Code section 1915(b), Welfare and Institutions Code section 361.3, subdivisions (a) and (d), and rule 1439(k).
Rule 1439(k)(3) provides an Indian child may be placed in a non-Indian home only if the court finds a diligent search has failed to locate one. Rule 1439(k)(4) states the court may modify the preference order only for good cause. Because the court placed the children with a member of their extended family as required by title 25 United States Code section 1915(b), Welfare and Institutions Code section 361.3, subdivisions (a) and (d) and rule 1439(k)(1)(A), it was not required to find good cause to modify the preference order. There was, however, abundant good cause to place the children with the paternal grandmother, rather than with the maternal great-grandmother. The most important factors were Liliana's and both parents' wishes for the children to live with the paternal grandmother and her proximity to the parents, allowing for visitation and a better chance for reunification.
In summary, the Tribe waived the issue of the children's placement made at the February 21, 2003 disposition hearing and even had it not waived the issue, it has not shown error in the court's orders.
The orders are affirmed.

DISPOSITION
WE CONCUR: McCONNELL, P.J., and NARES, J.
NOTES
[1] Title 25 United States Code section 1901 et seq.
[2] All rule references are to the California Rules of Court.
[3] We reject the Tribe's suggestion that this court's opinion in Dwayne P. v. Superior Court (2002) 103 Cal.App.4th 247, 126 Cal.Rptr.2d 639 stands for the proposition that the general rule that an unappealed order may not be challenged in an appeal from a later appealable order does not apply to a central ICWA issue as in this case. In In re Dwayne P., supra, 103 Cal.App.4th at page 251, 126 Cal.Rptr.2d 639 this court ruled that a parent cannot waive an Indian Tribe's right to notice under the ICWA. It does not provide that a Tribe is immune from general waiver principles that apply to other parties.