Filed 5/30/23  O'Neil v. Kistler CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| IDA O'NEIL, | D079932 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. D148731) |
| DEBORAH KISTLER, as Successor in Interest, etc., | |
| Defendant and Respondent. | |

APPEAL from order of the Superior Court of San Diego County, Jose S. Castillo, Judge.  Affirmed.

Ida O'Neil, in pro. per., for Plaintiff and Appellant.

Robert Burns for Defendant and Respondent.

Donn and Ida O'Neil divorced in 1980.[1]  Almost 20 years later, Ida filed a request for order seeking sanctions, enforcement of judgment, and payment of certain alleged arrears.  After an evidentiary hearing, the court, per an order dated November 1, 2021, denied Ida's requested relief.  Kevin O'Neil,

---

[1]    To avoid confusion, we refer to Donn and Ida by their first names.

the couple's son, appeals the postjudgment order on Ida's behalf as her guardian ad litem.[2]  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In September 1980, the family court entered an order formalizing the dissolution of marriage between Ida and Donn.  As part of that dissolution, the court ordered that Donn "will further cooperate and use his best efforts to assist [Ida] in obtaining survivorship pension benefits at no cost to [him]."  A year later, Donn remarried.

In 1983, Ida contacted the United States Marine Corps (USMC).  In response, the USMC informed Ida, by letter, that the current beneficiary of Donn's survivor benefit plan (SBP) was his "current spouse" (Barbara) and Donn "did not elect former spouses[ ] coverage and such an election is necessary."  Additionally, the USMC explained that a court order is not sufficient to make a coverage election.  Instead, an election can only be made by a member.

Subsequently, Donn signed a letter, dated August 28, 1984, advising the USMC he would like to elect Ida as the beneficiary of his SBP.  The following day, Donn formalized that election by signing form 1883, also known as a "Survivor Benefit Plan Election Certificate."  A couple days later, in a letter dated August 31, 1984, Ida wrote to the USMC, stating in relevant part:  "Pursuant to court order of August 28, 1984 where [the court] ordered [Donn] to sign the attached Survivor Benefit Plan Election Certificate in accordance with an Interlocutory Judgment, I am forwarding the form

_____

[2]     We are aware of the issue here of a nonlawyer guardian ad litem representing appellant in pro. per.  We exercise our discretion to address the issues on the merits rather than requiring the parties to further address guardian ad litem issues or otherwise dismissing this appeal.

(DD 1883) to be processed. [¶] If for any reason the form requires additional information or is delayed in any way please notify me as it is my understanding there is a *September 23, 1984 deadline*." (Italics added.)

In a September 11, 1984 order, the family court directed Donn to "sign the letter and applications to designate [Ida] as the beneficiary of the military survivor benefits." Donn then executed another form 1883, dated September 14, 1984, again electing Ida to be the "full" beneficiary of his SBP. Above the box that Donn marked for Ida to receive his "full" SBP, he added a footnote explaining: "I have requested full coverage in a previous document which was submitted in Aug, 1984. Again I request full coverage [*sic*] Ida O'Neil." Donn also wrote on the form that he was executing it pursuant to a "court order" and that a "copy of interlocutory judgment is enclosed."

In May 2019, Donn, via a letter to the Defense Finance Accounting Service (DFAS), again elected Ida as the beneficiary of his SBP. The DFAS responded and informed Donn that his election could not be processed because it "was received more than one year after the receipt of your court order."

In August 2019, Kevin, on behalf of Ida, filed a request for order (RFO) seeking enforcement of judgment, alternative security for loss of SBP, attorney fees and costs, and sanctions.[3] Approximately three months later, the court entered a stipulated order to freeze $60,000 in Donn's Lincoln Financial account until February 19, 2020. In November 2020, Donn passed away. His daughter, Deborah Kistler, initially represented him in the

---

3    The RFO also raises the issues of Donn's arrearages on spousal support and "freeze account." As far as we can tell, Ida does not challenge the family court ruling on these issues, so we do not discuss them further.

3

proceeding as his guardian ad litem, then as his successor in interest upon his death.

In her September 2021 trial brief, Ida asserted that Donn violated the 1980 and 1984 orders by naming Barbara as the beneficiary of his SBP and concealing from Ida the fact that Barbara was the beneficiary.

In response, Kistler insisted Ida had the "ability" to implement the 1980 order "or modification . . . more to her suiting but she did not do so." She argued the freeze on her father's Lincoln Financial account under the 2019 stipulated order had expired long ago in February 2020. Kistler further contended attorney fees and costs should not be awarded because Ida brought a "pervasively vexatious and incompetent litigation," and monetary sanctions were inappropriate because notice thereof was improper.

At the September 2021 evidentiary hearing on the RFO, the family court "not[ed] the difficulty of trying to recreate what happened many years ago" and that it was Ida's burden to present sufficient evidence to support her requests for relief. It ultimately concluded Ida failed to meet her burden.

On the request to enforce judgment, the family court found highly probative the fact Donn twice, in 1984, executed 1883 forms to elect Ida as the beneficiary of his SBP. Ida responded that, although Donn had executed the forms, he concealed from her that Barbara was the beneficiary, and Ida could not be named as a second beneficiary. Ida claimed that if Donn had looked at his benefit record, he would have known Barbara was the beneficiary of his survivor benefits. The court then inquired what step, if any, "[Ida] took to ascertain that she was the S[B]P beneficiary after 1984"; Kevin confirmed he was *unaware* of any such step. The family court also observed, "it appears based on this lettering that [Ida] knew[,] she was aware[,] or at least had some information about her designation and even

4

lists these deadlines." The court thus found Donn substantially complied with the 1980 and 1984 orders on these bases.

The family court also denied the sanctions request for want of sufficient notice—that is, Ida failed to specify the "sanctions authority" and "grounds" for sanctions. Finally, it denied without prejudice Ida's request for alternative security against Donn's estate because no evidence was submitted on the value of the estate and there was only a "passing reference" for security in the RFO. The ruling at the evidentiary hearing was formalized in a November 2021 order.

Kevin then appealed in pro. per. as guardian ad litem of Ida.

## DISCUSSION

### I.

" 'Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from.' [Citation.] We have no jurisdiction over an order not mentioned in the notice of appeal." (*Faunce v. Cate* (2013) 222 Cal.App.4th 166, 170 (*Faunce*).) Likewise, "filing a timely notice of appeal is a jurisdictional requirement." (*Bourhis v. Lord* (2013) 56 Cal.4th 320, 329.)

Here, the notice of appeal specifies the appeal is limited to the November 2021 order. Ida nonetheless claims "[p]rior judges repeatedly erred, by not impartially, competently, and summarily enforcing production of monthly military pension records" and the 1980, 1984, 2019 orders "designating" Ida as the beneficiary of Donn's SBP. She further asserts that "[e]ach judge also failed to acknowledge and correct the 1980 defective order." Ida appears to be relying on the November 2021 order as a means to collaterally attack previously unappealed dispositions. But " '[a]n unappealed disposition or postdisposition order is final and binding and may

5

not be attacked on an appeal from a later appealable order.' " (*In re Liliana S.* (2004) 115 Cal.App.4th 585, 589.) Further, these purported past failures of enforcement and alleged need to correct the "defective order" were neither raised nor considered by the family court. Thus, these issues are not reasonably encompassed within the November 2021 order. We therefore lack jurisdiction to consider them. (See, e.g., *Faunce, supra*, 222 Cal.App.4th at p. 170 [declining to consider an issue not encompassed within the notice of appeal for lack of jurisdiction].)

In addition, the instant matter faces other procedural hurdles. A judgment or order is presumed correct, and reversible error must be affirmatively shown. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "Every argument presented by an appellant must be supported by both coherent argument and pertinent legal authority." (*Kaufman v. Goldman* (2011) 195 Cal.App.4th 734, 743 (*Kaufman*).) "Generally, asserted grounds for appeal that are unsupported by any citation to authority and that merely complain of error without presenting a coherent legal argument are deemed abandoned and unworthy of discussion." (*Wright v. City of Los Angeles* (2001) 93 Cal.App.4th 683, 689.) And self-represented parties are held to the same standards and procedural rules as parties represented by counsel. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985; *Doran v. Dreyer* (1956) 143 Cal.App.2d 289, 290.)

We have read Ida's briefs several times and find the arguments therein incoherent, confounding, and nearly incomprehensible. And it is not our role to scour the record in search of an appellant's arguments. (See *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830; *Kaufman, supra*, 195 Cal.App.4th at p. 743.) In addition, Ida provides no statutes, case law, or other authority supporting her arguments, much less a cogent legal

analysis of how the law applies on the record before us. We may not act as an advocate on her behalf in this circumstance by conducting our own legal research and analysis in a search for some support for her conclusory assertion of error. (See *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153.) " 'In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.' " (*Id.* at p. 162 [argument supported by one, unexplained case citation held forfeited]; see *Ewald v. Nationstar Mortgage, LLC* (2017) 13 Cal.App.5th 947, 948 ["[F]ailure to provide legal authorities to support arguments forfeits contentions of error"].) Further, Ida does not even acknowledge or discuss the appropriate standard of review for her arguments. (See *Ewald*, at p. 948 [" 'Failure to acknowledge the proper scope of review is a concession of a lack of merit' "].) Given these deficiencies, we conclude Ida has forfeited any cognizable contentions on appeal. (See *United Grand Corp., supra*, 36 Cal.App.5th 142, 146; *Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.)

II.

However, to the extent we can discern Ida's arguments here, if we were to reach the substance of those arguments, we nonetheless would conclude they lack merit.

Ida appears to contend the family court erred in finding that Donn substantially complied with the 1980 and 1984 orders. Because the question of substantial compliance turns on the facts, we review the issue for substantial evidence. (*Roddenberry v. Roddenberry* (1996) 44 Cal.App.4th 634, 651–652.) In 1984, Donn twice executed 1883 forms to elect Ida as the beneficiary of his SBP as obligated by the 1980 and 1984 orders. Nothing in the record shows how Donn failed to assist her in obtaining survival benefit

prior to or after the 1984 order. Ida instead argues the family court erred in not concluding Donn "secretly and fraudulently set up" Barbara as the beneficiary. The record is devoid of evidence to suggest fraud. To the contrary, the USMC's July 1983 letter to Ida and her August 31, 1984 letter to USMC suggest she was aware Barbara was the beneficiary and there was "a September 23, 1984 deadline" to make Ida the beneficiary. Ida further complains the family court erred by not recognizing that Donn "sabotage[d]" her election as the beneficiary by using the wrong social security number in his August 28, 1984 letter to the USMC. Yet, we note, more importantly, Donn provided the correct social security number in the 1883 forms he completed—that is the official form required to elect Ida, *not* the informal letter. Ida's contentions essentially go to the weight of the evidence offered. In conducting a substantial evidence review, we do not reweigh the evidence or determine whether substantial evidence supports the losing party's version of the events. (*Do v. Regents of University of California* (2013) 216 Cal.App.4th 1474, 1492.) As such, we conclude sufficient evidence supports the family court's finding that Donn substantially complied with the orders.

Additionally, Ida asserts the family court erred in not substituting her lost survival benefits with an alternative security. We review this issue for abuse of discretion. (*In re Marriage of Gray* (2007) 155 Cal.App.4th 504, 514–515; *In re Marriage of Cooper* (2008) 160 Cal.App.4th 574, 580.) The record before us shows Ida submitted no evidence to the family court on the value of Donn's estate. Given the dearth of evidence, we cannot say the family court abused its discretion in declining to reach the alternative security issue at the evidentiary hearing while allowing the matter to be raised in a future motion with supporting evidence.

Finally, because Donn substantially complied with the 1980 and 1984 orders, there was no proper basis for the family court to award attorney fees and costs or to impose sanctions against him.

## DISPOSITION

The November 1, 2021 order is affirmed. The parties to bear their own costs on appeal.

HUFFMAN, J.

WE CONCUR:

McCONNELL, P. J.

BUCHANAN, J.

9