Filed 12/17/13

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| DAVID W. FAUNCE, | D062130 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2011-00092986-CU-DF-CTL) |
| MATTHEW CATE et al., | |
| Defendants and Respondents. | |

APPEAL from an order and judgment of the Superior Court of San Diego County, Randa Trapp, Judge. Judgment affirmed and appeal of order dismissed.

David W. Faunce, in pro. per., for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Jonathan L. Wolff, Assistant Attorney General, Thomas S. Patterson and Christopher H. Findley, Deputy Attorneys General, for Defendants and Respondent.

Penal Code section 636 makes it a crime to eavesdrop on a prisoner's conversation with certain individuals in situations where the prisoner has a reasonable expectation of privacy. (Undesignated statutory references are to the Penal Code.) In this case, we conclude that David Faunce, a prisoner appearing in propria persona, failed to allege facts showing he had a reasonable expectation of privacy. Accordingly, we affirm the judgment dismissing his complaint. We also dismiss Faunce's appeal from an order denying his request for a preliminary injunction.

FACTUAL AND PROCEDURAL BACKGROUND

Faunce, a prisoner at R.J. Donovan Correctional Facility, sued defendants Matthew Cate, George Neotti, M. Glynn, D. Strayhorn, A. Canlas, M. Walker and M. Akbari (collectively defendants) and moved for a preliminary injunction. In response to defendants' demurrer, Faunce filed a first amended complaint. The trial court denied Faunce's request for a preliminary injunction and later granted him leave to file an amended complaint "to cure the pleading defects raised by defendants." Faunce filed a second amended complaint (the operative complaint), which included for the first time, a claim for retaliation.

The trial court sustained defendants' demurrer to the operative complaint without leave to amend. The court concluded that Faunce's claims for violating section 636 and the privacy provisions of the California Constitution failed because Faunce did not plead a reasonable expectation of privacy. The court also concluded that Faunce failed to plead outrageous conduct necessary to support a cause of action for intentional infliction of emotional distress, that he failed to plead an underlying wrong to support his conspiracy

2

claim and that his request for declaratory and injunctive relief failed with their supporting causes of action. Finally, it ruled that Faunce's retaliation claim exceeded the bounds of its amendment order and, on the merits, that Faunce had not pleaded exhaustion of administrative remedies. Faunce appealed from the judgment. He also appealed from the order denying his request for a preliminary injunction preventing defendants from creating or enforcing any rule, regulation or practice that violates or evades compliance with section 636.

## DISCUSSION

### I. *Order Denying Preliminary Injunction*

Although not raised by the respondents, we note that Faunce's notice of appeal does not specify that he is appealing from the order denying his request for a preliminary injunction. The notice of appeal is limited to the "[j]udgment of dismissal after an order sustaining a demurrer." An order denying a preliminary injunction is an appealable order. (Code Civ. Proc., § 904.1, subd. (a)(6).) "Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from." (*Polster, Inc. v. Swing* (1985) 164 Cal.App.3d 427, 436.) We have no jurisdiction over an order not mentioned in the notice of appeal. (*Norman I. Krug Real Estate Investments, Inc. v. Praszker* (1990) 220 Cal.App.3d 35, 46-47.) Because Faunce's notice of appeal did not identify the trial court's order denying his request for a preliminary injunction, we lack jurisdiction to consider this portion of the appeal.

3

Faunce's purported appeal from the order denying his request for a preliminary injunction also fails on the separate ground that it is untimely. A party has a maximum of 180 days to appeal from when an appealable order is entered into the minutes. (Cal. Rules of Court, rule 8.104 (a)(1)(C), (c)(2) & (e).) An untimely notice of appeal is an "absolute bar" to appellate jurisdiction. (*Delmonico v. Laidlaw Waste Systems, Inc.* (1992) 5 Cal.App.4th 81, 83.) We have no jurisdiction to act on an untimely appeal and must dismiss the appeal without reaching the merits. (*Stratton v. First Nat. Life Ins. Co.* (1989) 210 Cal.App.3d 1071, 1078.)

Here, the trial court entered a minute order denying Faunce's request for a preliminary injunction on October 27, 2011. Faunce untimely appealed from the order on May 23, 2012. Accordingly, we must dismiss the appeal from the order denying the preliminary injunction.

## II. *Demurrer*

A. Standard of Review

We review an order sustaining a demurrer without leave to amend de novo (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318), assuming the truth of all properly pleaded facts as well as facts inferred from the pleadings, and give the complaint a reasonable interpretation by reading it as a whole and its parts in context. (*Palacin v. Allstate Ins. Co.* (2004) 119 Cal.App.4th 855, 861.) However, we give no credit to allegations that merely set forth contentions or legal conclusions. (*Financial Corp. of America v. Wilburn* (1987) 189 Cal.App.3d 764, 768-769.)

4

B.  Privacy Causes of Action

Here, Faunce alleged a violation of section 636 and the privacy provisions of the California Constitution.  Specifically, Faunce alleged that he had a reasonable expectation of privacy while seeing a licensed physician in a treatment room and on numerous occasions, a prison physician feigning concern for his safety, allowed a correctional officer to be present in the treatment room over Faunce's objections.  The trial court sustained the demurrer to these claims on the ground Faunce did not have a reasonable expectation of privacy.  We agree.

Section 636 makes it unlawful for a person, "without permission from all parties to the conversation," to nonelectronically eavesdrop upon "a conversation, or any portion thereof, that occurs between a person who is in the physical custody of a law enforcement officer or other public officer and that person's attorney, religious adviser, or licensed physician."  (§ 636, subd. (b).)  Although Faunce argues that his right to patient-physician privacy is "absolute," the protection of section 636 is limited to eavesdropping on conversations occurring where there is a "reasonable expectation of privacy, including a custody holding area, holding area, or anteroom."  (*Ibid*.)  Similarly, the right to privacy under the California Constitution (art. I, § 1) protects an individual's reasonable expectation of privacy against a serious invasion.  (*Pioneer Electronics (USA), Inc. v. Superior Court* (2007) 40 Cal.4th 360, 370.)

Thus, to allege an actionable violation of his right to privacy under either section 636 or the California Constitution, Faunce must show he had a reasonable expectation of privacy when he met with prison medical staff. "Whether plaintiff has a reasonable expectation of privacy in the circumstances and whether defendant's conduct constitutes a serious invasion of privacy are mixed questions of law and fact. If the undisputed material facts show no reasonable expectation of privacy or an insubstantial impact on privacy interests, the question of invasion may be adjudicated as a matter of law." (*Hill v. National Collegiate Athletic Assn.* (1994) 7 Cal.4th 1, 40.)

Faunce alleged he had knowledge of a prison policy, dating back to 2007, that limited an inmate's right to confidentially in furtherance of the safety and security of the institution. Faunce acknowledges that defendants' policies or procedures were based on safety concerns, although he characterized the safety concerns as "feigned." He admitted that defendants acted based on their policies or procedures as he specifically sought an injunction preventing defendants and their successors from enforcing any policy or practice that violated a prisoner's rights under section 636. Faunce's pleading shows that whatever expectation of privacy he had in this setting was not reasonable as defendants' actions were based on prison policy to further the safety and security of the institution. Moreover, we take judicial notice of Faunce's abstract of judgment showing he was convicted of first degree murder and is serving a life sentence without the possibility of parole.

While the propriety of the prison policy tempering an inmate's right to privacy with the security of the institution is not before us, we note that in cases such as this involving prison security measures, section 2600 provides:  "A person sentenced to imprisonment in a state prison . . . may during that period of confinement be deprived of such rights, and only such rights, as is reasonably related to legitimate penological interests."  Additionally, the California Code of Regulations provides that "[c]onsistent effort will be made to insure the security of the institution and the effectiveness of the treatment programs within the framework of security and safety."  (Cal. Code Regs., tit. 15, § 3270.)

C.  Remaining Causes of Action

Faunce also alleged a claim for intentional infliction of emotional distress.  To state a cause of action for intentional infliction of emotional distress, a plaintiff must allege the following elements: " ' "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." ' "  (*Christensen v. Superior Court* (1991) 54 Cal.3d 868, 903.)  For conduct to be outrageous, it " 'must be so extreme as to exceed all bounds of that usually tolerated by a civilized community.' "  (*Ibid.*, quoting *Davidson v. City of Westminster* (1982) 32 Cal.3d 197, 209.)  Whether behavior is extreme and outrageous is a legal determination to be made by the court, in the first instance. (*Fowler v. Varian Associates, Inc.* (1987) 196 Cal.App.3d 34, 44.)

7

Here, Faunce's intentional infliction of emotional distress claim is premised on defendants' practice of acting based on institutional policies and procedures. In essence, he claims that defendants' practice of acting based on institutional policies and procedures amounted to outrageous conduct. However, we agree with the trial court's implied conclusion that a policy requiring a convicted murderer be examined by a prison physician, that has expressed safety concerns, in the presence of a correctional officer does not amount to outrageous conduct. Accordingly, Faunce has not stated a valid claim for intentional infliction of emotional distress.

Faunce alleged that defendants' actions of enforcing institutional policies and practices amounted to a conspiracy to violate section 636. Faunce also sought declaratory and injunctive relief to prevent defendants and their successors from enforcing any policy or practice that violated a prisoner's rights under section 636. Conspiracy, however, is not an independent cause of action. (*Okun v. Superior Court* (1981) 29 Cal.3d 442, 454.) When a plaintiff otherwise states a cognizable cause of action for a civil wrong, he or she may allege conspiracy as a basis of liability as to more than one defendant. (*Ibid.*) Additionally, injunctive and declaratory relief are equitable remedies, not causes of action. (*Wong v. Tai Jing* (2010) 189 Cal.App.4th 1354, 1361, fn. 2.) Thus, the trial court properly sustained the demurrer as to these claims because they were "wholly derivative of" other nonviable causes of action. (*Ochs v. PacifiCare of California* (2004) 115 Cal.App.4th 782, 794.)

Finally, Faunce alleged a claim for retaliation for the first time in his second amended complaint.  Faunce did not obtain leave of the trial court to add this new cause of action and the trial court correctly sustained the demurrer to this claim without leave to amend.  (*Harris v. Wachovia Mortg., FSB* (2010) 185 Cal.App.4th 1018, 1023.)

DISPOSITION

The appeal is dismissed as to the order denying the preliminary injunction.  The judgment dismissing the action is affirmed.  Defendants are entitled to their costs on appeal.


MCINTYRE, J.

WE CONCUR:

McCONNELL, P. J.

NARES, J.