Filed 5/30/14  Vestar/Kimco Tustin v. Sesbar CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| VESTAR/KIMCO TUSTIN, L.P., | |
| Plaintiff and Appellant, | G048831 |
| v. | (Super. Ct. No. 30-2011-00514253) |
| AYOUB SESAR, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Robert J. Moss, Judge.  Reversed.

Bewley, Lassleben & Miller and Ernie Zachary Park for Plaintiff and Appellant.

Ghods Law Firm, Mohammed K. Ghods, William A. Stahr and Ruben Escobedo III for Defendant and Respondent.

*          *          *

The trial court sustained defendant Ayoub Sesar's demurrer to a breach of lease cause of action and overruled his demurrer to a breach of guaranty cause of action. Plaintiff Vestar/Kimco Tustin, L.P. (Vestar) subsequently filed a voluntary dismissal of its complaint on the date of trial. The court thereafter awarded Sesar attorney fees in connection with the breach of lease cause of action. Vestar appealed, contending the court erred in sustaining the demurrer to the breach of lease cause of action, and as a result, Sesar was not a prevailing party entitled to attorney fees. We agree and reverse.

## I

## FACTS AND PROCEDURAL BACKGROUND

Vestar filed its initial complaint against Kboby, Inc., Syed H. Miremad; Pei Chun Lin; Ayoub Sesar,[1] and Does one through 20. The complaint alleged two causes of action. As to Kboby, Inc. and Does one through 10, Vestar alleged a cause of action for breach of lease. As to Sesar, Miremad, Lin, and Does 11 through 20, the complaint alleged breach of guaranty.

Vestar filed a first amended complaint in response to Sesar's demurrer to the initial complaint. Sesar demurred to the four-page first amended complaint, which again alleged causes of action for breach of lease and breach of guaranty. The court sustained the demurrer to the breach of lease cause of action without leave to amend and overruled the demurrer to the breach of guaranty cause of action. Approximately eight months later, on December 4, 2012, the clerk of the court entered Vestar's voluntary dismissal without prejudice on the date of trial and after counsel met with the assigned trial judge in chambers.

Sesar subsequently filed a motion for attorney fees based on provisions in the lease and the guaranty. (See Civ. Code, § 1717; all undesignated statutory references are to the Civil Code.) Vestar opposed the motion, contending Sesar's demurrer to the

---

[1] Sesar was sued as Ayoub Sesur. Sesar is the only defendant appearing on appeal.

first amended complaint was overruled[2] and as it had voluntarily dismissed the complaint, Civil Code section 1717, subdivision (b)(2)[3] precludes an award of attorney fees. Vestar also asserted that if the court decided to award attorney fees, the amount requested was "grossly excessive." In a supplemental brief, Vestar argued that although the court had sustained the demurrer to the breach of lease cause of action, it never entered a judgment on that action and therefore Vestar's voluntary dismissal was as to both causes of action.

The court's tentative ruling on Sesar's motion for $32,424 in attorney fees was to grant it in part and deny it in part. The court reasoned that Sesar was the prevailing party on the cause of action for breach of lease and was entitled to attorney fees under the terms of the lease and section 1717, but there was no prevailing party on the breach of guaranty, that action having been voluntarily dismissed. The court calculated the fees incurred in defending the breach of lease cause of action at $16,875.50. The hearing on the motion was continued and the parties filed supplemental briefs. Vestar suggested the court vacate the dismissal of the first cause of action and enter a judgment in Sesar's favor on that cause of action, which would preserve the court's order awarding attorney fees to Sesar and permit Vestar to appeal from the judgment.

The court's May 17, 2013 minute order stated the dismissal on the breach of lease cause of action was vacated and entry of judgment dismissing that cause of action was ordered. Additionally, the court awarded Sesar $22,230 in attorney fees. That figure included the amount set forth in the court's tentative ruling plus $5,742.50 incurred by Sesar during supplemental briefing. Judgment was thereafter entered on July 15,

[2] As noted above, only the demurrer to the breach of guaranty was overruled.

[3] "Where an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section." (§ 1717, subd. (b)(2).)

3

2013. The judgment stated the earlier dismissal on the breach of lease cause of action was vacated and "[i]n lieu of said dismissal, a judgment of dismissal is entered in favor of . . . Sesar and against [Vestar] as to the First Cause of Action of the First Amended Complaint based upon the court having previously sustained [Sesar's] demurrer as to [the breach of lease] cause of action without leave to amend." On August 8, 2013, Vestar appealed from the judgment, "including both the judgment of dismissal and the award of attorney's fees and costs."

## II

## DISCUSSION

As a general rule, the parties to a lawsuit must pay their own attorney fees. (*Kirby v. Immoos Fire Protection, Inc.* (2012) 53 Cal.4th 1244, 1259.) An exception exists where a contract provides for the payment of such fees. (*Trope v. Katz* (1995) 11 Cal.4th 274, 279.) Section 1717 provides a clause in a contract entitling one party to attorney fees incurred in enforcing the contract is deemed to be mutual and entitles the prevailing party to obtain attorney fees even if the contract limits the right to the other party. (§ 1717, subd. (a).) However, subdivision (b)(2) of section 1717 precludes finding a defendant in a breach of contract action to be a prevailing party for purposes of awarding attorney fees when the action was voluntarily dismissed prior to trial. (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 615.)

After Vestar voluntarily dismissed its complaint on the date of trial, Sesar filed his motion for attorney fees incurred in defending the lawsuit. Vestar's initial response was two-fold. First, it argued Sesar was not entitled to any attorney fees because the matter was voluntarily dismissed. Second, Vestar claimed the amount sought was "grossly excessive." In response to the superior court's tentative ruling to award Sesar those attorney fees incurred in defending the breach of lease cause of action, given he prevailed on his demurrer to that cause of action, Vestar urged the court to vacate its voluntary dismissal as to the breach of lease cause of action only and to enter a new

4

dismissal thereon based on the sustaining of Sesar's demurrer to that cause of action. Vestar urged such an action would "preserve[]" the court's decision to award Sesar attorney fees incurred in defending the breach of lease cause of action *and* permit Vestar to appeal the propriety of the court's decision sustaining the demurrer to that cause of action.

A. *Timeliness of the Appeal*

Prior to addressing whether Sesar was entitled to an award of attorney fees for defending against the breach of lease cause of action, the procedural history in this matter requires us to determine whether Vestar's appeal is timely. If it is not, we lack jurisdiction to address the merits of Vestar's argument and must dismiss the appeal. (*Faunce v. Cate* (2013) 222 Cal.App.4th 166, 170.) "[N]either mistake, accident, misfortune, estoppel, nor waiver will confer appellate jurisdiction. [Citation.]" (*In re Marriage of Micalizio* (1988) 199 Cal.App.3d 662, 669.)

Sesar contends Vestar's August 8, 2013 notice of appeal was untimely and argues Vestar should have filed his notice of appeal within 180 days of his December 4, 2012 dismissal in order to challenge the trial court's order sustaining the demurrer to the breach of lease cause of action. (Cal. Rules of Court, rule 8.104(a)(1)(C).) The 180-day period is binding, "[u]nless a statute or rule 8.108 provides otherwise." (Cal. Rules of Court, rule 8.104(a)(1).) Vestar takes the position it could not have appealed from its own voluntary dismissal. Although voluntary dismissals have not traditionally been considered judgments from which a plaintiff may appeal (see *Stewart v. Colonial Western Agency, Inc.* (2001) 87 Cal.App.4th 1006, 1012), more recently it has been found a trial "court's order sustaining . . . demurrers without leave to amend, combined with the dismissal of the action, had the legal effect of a final, appealable order" (*Gutkin v. University of Southern California* (2002) 101 Cal.App.4th 967, 974).

5

Although no extension of the time to appeal listed in rule 8.108 occurred, the court's action in entering its May 17, 2013 minute order vacating the December 4, 2012 dismissal of the breach of lease cause of action prior to expiration of the time to appeal operated to prohibit an appeal from the earlier dismissal. (*Ferraro v. Pacific Fin. Corp.* (1970) 8 Cal.App.3d 339, 345 [a party cannot appeal a vacated judgment].) Because the court's action occurred at a time when Vestar could still have filed a timely notice of appeal, there is no reason to deny Vestar the right to appeal from the portion of the July 15, 2013 judgment entering a dismissal of the breach of lease cause of action based on the court having previously sustained, without leave to amend, a demurrer to that cause of action.[4] Vestar timely appealed from the July 15, 2013 judgment when it filed its August 8, 2013 notice of appeal.

B. *Attorney Fees*

Sesar was awarded attorney fees because he prevailed on his demurrer to the breach of lease cause of action. Vestar contends the trial court erred because Sesar was not a defendant in that cause of action and consequently, his demurrer should not have been sustained. As Sesar is precluded from an award of attorney fees on the breach of guaranty cause of action, given that cause of action was voluntarily dismissed (*Santisas v. Goodin*, *supra*, 17 Cal.4th at p. 615; § 1717, subd. (b)(2)), we review whether the trial court erred in sustaining Sesar's demurrer to the breach of lease cause of action.

In reviewing a trial court's decision sustaining a demurrer, "we examine the complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory, such facts being assumed true for this purpose. [Citations.]" (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415.) We also review exhibits attached to the complaint, here the lease. (*Thaler v. Household Finance*

_____

[4] Sesar did not appeal from the July 15, 2013 judgment and does not argue the court lacked authority to vacate the earlier dismissal.

6

*Corp.* (2000) 80 Cal.App.4th 1093, 1101.)  Additionally, we give the complaint "a reasonable interpretation, reading it as a whole and its parts in their context.  [Citation.]" (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

A defendant may demur to a cause of action if it fails to state a cause of action or is uncertain.  (Code Civ. Proc., § 430.10, subds. (e) [failure to state a cause of action], (f) [uncertain].)  For purposes of a demurrer, "'uncertain' includes ambiguous and intelligible." (*Ibid.*)  According to Sesar's demurrer, the breach of lease cause of action was uncertain and failed to state a cause of action.  However, in the section of his points and authorities directed to the breach of lease cause of action, he did not argue uncertainty.  Rather, he argued Vestar failed to allege facts supporting the elements of breach of contract.  In support of his contention, Sesar quoted a paragraph in the breach of lease cause of action:  "On or about March 15, 2011, plaintiff and defendants, and each of them, entered into a written agreement ('the Lease') under the terms of which defendants, and each of them would rent from Plaintiff the premises.  Defendants, and each of them, have breached the Lease by vacating the Premises prior to the termination thereof and by failing to pay the sums due thereunder."  In response to Sesar's demurrer, Vestar pointed out the lease attached to the complaint showed Kboby, Inc. was the only defendant who was a party to the lease.

The court erred in sustaining Sesar's demurrer to the breach of lease cause of action.  In compliance with California Rules of Court, rule 2.112, that cause of action contained a heading clearly stating the cause of action was against Kboby, Inc. and Does one through 10.  Sesar was not named as a defendant in that cause of action, a fact driven home by the heading for the breach of guaranty cause of action which stated it was against Miremad, Lin, Sesar, and Does 11 through 20.  Giving the complaint "a reasonable interpretation, reading it as a whole and its parts in their context" (*Blank v. Kirwan*, *supra*, 39 Cal.3d at p. 318), the reference in the breach of lease cause of action to "[d]efendants, and each of them" must be interpreted as meaning the defendants listed in

7

the heading to that cause of action. Sesar was not a defendant in the breach of lease cause of action. His demurrer to a cause of action in which he was not a defendant should have been overruled.

It must have been obvious to Sesar that if Vestar could not prevail on the breach of lease cause of action against Kboby, Inc., Sesar would not have to pay anything on the breach of guaranty action. Thus he apparently attempted to step into Kboby Inc.'s shoes at the demurrer stage in the breach of lease cause of action even though he was not a defendant in that cause of action.

Because Sesar could not have prevailed on his demurrer to the breach of lease cause of action, the court erred in awarding him attorney fees under section 1717. (*Poseidon Development, Inc. v. Woodland Lane Estates, LLC* (2007) 152 Cal.App.4th 1106, 1120.) We therefore reverse the attorney fee award.

III

DISPOSITION

The judgment is reversed. Vestar shall recover its costs on appeal.

MOORE, J.

WE CONCUR:

RYLAARSDAM, ACTING P. J.

BEDSWORTH, J.

8