Filed 12/12/22 Marriage of Miller and Dolmo CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re the Marriage of SCOTT MILLER and BESS CAROLINA DOLMO. | C093019 |
| SCOTT MILLER, | (Super. Ct. No. 17FL04019) |
| Respondent, | |
| v. | |
| BESS CAROLINA DOLMO, | |
| Appellant. | |

This appeal arises from marital dissolution proceedings and related custody matters between appellant Bess Carolina Dolmo (Dolmo), appearing in propria persona, and respondent Scott Miller (Miller). The proceedings have been protracted and highly adversarial, driven largely by Dolmo's persistent and excessive court filings. Eventually, the trial court urged the parties to set the matter for trial to fully resolve the case, but it is unclear from the record what proceedings have transpired, or whether judgment has been entered in the case.

1

The basis of Dolmo's unopposed appeal is difficult to discern. Her opening brief references multiple orders from various dates, appearing to challenge one or more fee orders and interim custody orders. Despite the brief's many passing references to specific orders, however, Dolmo's notice of appeal only cites two orders: (1) an August 11, 2020 order following Family Court Services mediation, which modified the parties' custody order, denied Dolmo's request for an order to show cause re contempt, and ordered psychological testing of the parties; and (2) a September 2, 2020 order denying Dolmo's ex parte request to modify custody but granting Miller's ex parte request to modify Dolmo's weekly contact with their children. These are both interlocutory orders, which we lack jurisdiction to consider on appeal. (*Lester v. Lennane* (2000) 84 Cal.App.4th 536, 559-560 [temporary custody orders made prior to trial are not appealable]; *Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696-698 [no appellate jurisdiction over unappealable orders]; see also Code Civ. Proc., § 904.1.) Dolmo's appeal is subject to dismissal on this basis alone.

Dolmo's brief also provides no argument or legal authority regarding the challenged orders. Nor does the brief contain accurate citations to the record. To demonstrate error, an appellant "must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.] When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.' [Citations.] Hence, conclusory claims of error will fail." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408; see also *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856 ["If a party fails to support an argument with the necessary citations to the record, that portion of the brief may be stricken and the argument deemed to have been waived"]; Cal. Rules of Court, rule 8.204(a).) Thus, even if we had jurisdiction to address Dolmo's appeal, it would still fail for its total absence of support, analysis, or proper citations.

2

Finally, to the extent Dolmo challenges any purported fee orders—which are, in fact, the only orders that Dolmo attempts to substantively address in her brief—these orders are not mentioned in the notice of appeal. Thus, we lack jurisdiction to consider the fee orders as well. (*Faunce v. Cate* (2013) 222 Cal.App.4th 166, 170 [" 'Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from.' [Citation.] We have no jurisdiction over an order not mentioned in the notice of appeal"].) Dolmo's arguments regarding the fee order or orders also lack proper citations to the record and are largely incoherent. Indeed, the fee orders are not even included in the record.

We acknowledge that Dolmo has filed her appeal in propria persona. However, we are nonetheless obligated to treat her like any other litigant. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985 ["the rules of civil procedure must apply equally to parties represented by counsel and those who forgo attorney representation"].)

As we lack jurisdiction to consider Dolmo's appeal, we must dismiss it.[1]

---

[1]     In dismissing this appeal, we also deny Dolmo's motion to (1) strike her opening brief (so that she may file an amended brief); and (2) strike portions of the appellate record.

While this appeal was pending, we granted Dolmo's five prior requests for extensions of time to file her opening brief. Our fifth order granting Dolmo's request cautioned that Dolmo would receive no further extensions. Thus, consistent with our prior order, we decline to give Dolmo any additional time to strike this brief and refile her opening brief.

Further, we have already denied Dolmo's multiple motions seeking to both augment and strike portions of the appellate record. With respect to the motion now before us, the pages that Dolmo seeks to strike from the record are portions of documents that Dolmo herself requested. Moreover, the inclusion of those documents in the record does not affect the result here. We find no basis to strike the documents from the record.

## DISPOSITION

The appeal is dismissed.

                                               _____KRAUSE_____, J.

We concur:

_____RENNER_____, Acting P. J.

_____EARL_____, J.