Filed 8/5/24  Folke v. Carrington Mortgage Services CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| DUANE R. FOLKE, | B325887 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 21STCV41956) |
| v. | |
| CARRINGTON MORTGAGE SERVICES, LLC, et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Christopher K. Lui, Judge.  Affirmed.

Duane R. Folke, in propria persona, for Plaintiff and Appellant.

Wright, Finlay & Zak and Kathryn A. Moorer for Defendants and Respondents.

_____

In this wrongful foreclosure action brought against respondents Carrington Mortgage Services, LLC (Carrington) and Deutsche Bank National Trust Company, as Indentured Trustee, for New Century Home Equity Loan Trust 2006-2 (Deutsche), appellant Duane R. Folke appeals from a court order sustaining a demurrer to his first amended complaint without leave to amend. Because Folke fails to demonstrate any error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. *Folke Files a Verified Complaint and Notice of Related Case*

In November 2021, Folke filed a verified complaint against Carrington and Deutsche, alleging seven causes of action. The gist of the complaint was that respondents wrongfully foreclosed on Folke's Sherman Oaks home (the Property). Folke's complaint was filed six days after he was sued in an unlawful detainer action by Deutsche (Los Angeles Superior Court case no. 21VEUD00800, the UD Action). After filing his complaint, Folke filed a Notice of Related Case in his wrongful foreclosure action seeking to have it related to the UD Action.

On March 3, 2022, the court issued a ruling regarding the Notice of Related Case. While that ruling is not included in the appellate record, we presume from Folke's contentions of error that the court declined to relate the cases. Six days later, Folke filed a case management statement, again representing to the court that the UD Action was a "companion, underlying, or

---

[1] We limit our summary to the facts and procedural history relevant to the issues raised on appeal.

2

related" case, and stating he would be filing a motion to consolidate. Nothing in the record indicates such a motion was ever filed.

Carrington and Deutsche demurred to the complaint in April 2022. Folke opposed the demurrer and the court issued a ruling in May 2022. Neither the demurrer, the opposition thereto, nor the ruling thereon, are included in the appellate record. Carrington and Deutsche claim that the demurrer "was sustained with leave to amend as to the existing causes of action only." Without citing to the record, Folke instead claims that the court " 'Overruled' Defendants' Demurrer in the 'First Instance' and then 'Granted Demurrer With No Leave to Amend'[?] [*sic*] necessitating this appeal." Based on the trial court's ruling on Carrington and Deutsche's subsequent motion to strike (discussed below), it appears that respondents' characterization is accurate.

### B.     *Folke Files a Verified First Amended Complaint*

In June 2022, Folke filed a verified first amended complaint (FAC). The allegations therein are opaque and difficult to follow. From what we can discern from the text of the pleading and the exhibits attached thereto, in March 2006, Folke executed a Deed of Trust encumbering the Property in favor of First Metropolitan Funding Corporation, to secure a $675,000 promissory note. In October 2007, First Metropolitan Funding Corporation assigned the Deed of Trust to New Century Mortgage Corporation. In February 2010, New Century Mortgage Corporation assigned the Deed of Trust to Deutsche. Carrington serviced the loan.

"[A]s far back as January, 2019," Folke apparently was in "[a]rrears" on his mortgage. In March 2019, $3,757.92 was paid

3

on the mortgage but "Defendants" "again asserted that the said underlying mortgage payment was 'Past Due' despite timely payment(s)? [*sic*]" Folke claimed that from April 2019 through November 2019, he "called, wrote, and sought to address any 'Arrears' seeking to obtain some type of mortgage relief through the Mortgage Servicer Defendant CARRINGTON MORTGAGE SERVICES, LLC all to no avail." Folke accused Carrington of myriad malfeasance "based upon information and belief," claiming Carrington "failed miserably to provide" him with "Notification of Foreclosure -Prevention Options," with a single point of contact, with an "Acknowledgement of Application," and with other things. He also claimed respondents "failed to respond" to his "actions of seeking either a 'Loan Modification'; 'Forbearance'; or if necessary a 'Redemption' during the time of a once in a lifetime 'Pandemic'" and "ignored" his request for "Clarification."

However, attached to the FAC was a June 2019 letter sent to Folke by Carrington "in response to a recent inquiry . . . for mortgage assistance." The letter informed Folke of several options available to him but expressly stated that it "must receive your documents no later than 07/21/2019 to one of the departments listed below" and that "[f]ailure to submit all required documentation or information by the due date specified above may result in ineligibility for a workout option and, unless prohibited by applicable law, the foreclosure proceedings will continue, including referral to foreclosure if the mortgage loan was not previously referred." The letter specified that documentation of Folke's income was required and, to the extent Folke's income derived from self-employment, Folke was required to submit his "[m]ost recent signed and dated quarterly or year-

4

to-date profit/loss statement." Folke claimed he was self-employed, but there is no evidence or allegation that he provided the required profit/loss statement. The letter stated that after Carrington received the application, it would "acknowledge receipt of your application within five business days." By signing the application, Folke also "acknowledge[d] and agree[d] that my servicer is not obligated to offer me assistance based solely on the representations in this document or other documents submitted in connection with my request."

At some point, a foreclosure sale was scheduled for October 2019; Carrington continued it to November 2019. In November 2019, Carrington continued the foreclosure sale to December 2019. In December 2019, Carrington continued the foreclosure sale to February 2020.

"[O]n or about May 23rd, 2020, Plaintiff caused to have his entire 'Loan Modification' package to buttress the circumstances to insure that he was not going to be foreclosed upon pursuant to the pending 'Moratorium' under 'Emergency Rule 2' issued by the California Judicial Council suspending any 'Non-Judicial Foreclosure' proceedings[2] and as such these Defendant(s) herein should not have been allowed to go forward with a private sale of the subject real estate Homeowner would at least be able to keep his property; and, work from the present available equity to

---

[2] Emergency Rule 2 is entitled "Judicial foreclosures—suspension of actions" and provides in part that the rule "applies to any action for foreclosure on a mortgage or deed of trust brought under chapter 1, title 10, of part 2 of the Code of Civil Procedure, beginning at section 725a, including any action for a deficiency judgment." (Cal. R. app. I Emergency Rule 2.) There is no mention of non-judicial foreclosures.

5

'Catch Up' on his arrears and remain in his home." Folke claimed to have "fulfilled every condition that the Defendant(s) requested" and that he was misled to believe he would receive a loan modification, which was to occur on or about June 3, 2020.

However, Deutsche purchased the Property at a May 26, 2020 public auction and, on June 3, 2020, a Trustee's Deed Upon Sale reflecting the sale was recorded.

Folke also alleged that respondents, "by virtue of 'Fraud' and/or 'Malfeasance' either caused and/or allowed a 'Bankruptcy' to be 'Filed' on the subject real property which was not authorized by Plaintiff; and, said proceedings were in contravention to 'Ownership' of the subject real property; and, Defendant(s) utilized these phony U.S. Bankruptcy proceedings to further 'Cloud' the subject 'Title' to the real property in question; and, then utilized those proceedings in the state of Nevada to wrongfully proceed with 'Foreclosure' of Plaintiff's Real Property without any notification to Plaintiff that these proceedings were even in existence!" Attached to the FAC was a motion for in rem relief from the automatic stay filed by Deutsche in the United States Bankruptcy Court for the District of Nevada. The motion argued that Deutsche had discovered three unrecorded Deeds of Trust "purportedly signed" by Folke, which were impeding Deutsche's efforts to foreclose on the Property, because the beneficiary of each Deed of Trust had filed bankruptcy. Deutsche asserted these Deeds of Trust were "fraudulent" and "were issued relating to bankruptcy filings as part of a scheme to delay, hinder, or defraud creditors by allowing

6

the court to extend the automatic stay with regard to the subject property."[3]

Based on these allegations, Folke re-alleged the seven causes of action alleged in his initial complaint: (1) "Equitable/Declaratory Relief"; (2) Breach of the Covenant of Good Faith and Fair Dealing; (3) Intentional Misrepresentation; (4) Quiet Title; (5) Negligence / Negligent Misrepresentation; (6) Unfair Business Practices in Violation of Business and Professions Code section 17200 et seq.; and (7) Breach of Contract/Promissory Estoppel/Promissory Fraud.  He also added four additional claims: (8) Violation of the California Homeowner Bill of Rights (HBOR); (9) Violation of California Civil Code section 2923.55 et al.; (10) Accounting; and (11) Wrongful Foreclosure.  He requested, among other things, a judicial determination of the parties' rights and responsibilities, general and punitive damages, the imposition of a constructive trust, an order that Folke "either be provided with a 'Loan Modification' " or that he be given the right to privately sell the Property, and injunctive relief preventing the defendants from selling the Property and from "[n]ot precluding the Plaintiff from relief while he pays the subject monies due under the Loan Modification/Modified Mortgage."

---

[3] While the bankruptcy court's response to the motion is not a part of the appellate record, in respondents' demurrer to the FAC, they asserted that they "obtain[ed] in rem relief as to the Property on April 16, 2020."

7

### C. *The Court Strikes Portions of the FAC and Sustains a Demurrer to the Remainder*

In August 2022, Carrington and Deutsche moved to strike: (1) the eighth through eleventh causes of action because they "were improperly added to the FAC and exceed the scope of leave to amend granted by the Court when it sustained the demurrer to the Complaint"; (2) the sixth cause of action for violation of Business and Professions Code section 17200 because Folke lacked a remedy under that statute; (3) the tenth cause of action for accounting because the requested remedy was impermissible; (4) the request for an imposition of a constructive trust because Folke failed to plead fraud or otherwise demonstrate entitlement to the remedy; (5) the requested injunctions because the Property had already been sold; and (6) the request for a loan modification because the loan had already been extinguished by the trustee's sale.

Respondents also demurred to the pleading, arguing Folke's FAC failed because: (1) the Property had been sold in 2020 and thus there was no sale to enjoin; (2) the loan had been extinguished with the sale, and thus there could be no loan modification; (3) the loan modification application Folke submitted was untimely and incomplete; (4) there was no contract alleged between the parties that respondents breached; (5) Folke's fraud causes of action lacked the requisite specificity; (6) Folke failed to allege he had paid the debt owed on the Property; (7) Folke could not demonstrate any injury he suffered was a result of respondents' wrongdoing and he lacked a remedy under Business and Professions Code section 17200; and (8) Folke made no allegations of a clear, unambiguous, and

8

enforceable promise made by respondents, or of reasonable and foreseeable reliance.

In September 2022, Folke opposed both the motion and demurrer in a single pleading. He contended that he had added the extra causes of action to his FAC because "the evidence [relating to those causes of action] . . . was not available at the time of the filing of the initial Complaint in this matter." He also argued that the FAC included legally sufficient factual allegations. Respondents filed a reply brief two weeks later.

In October 2022, the court granted the motion to strike as to the eighth through eleventh causes of action "[b]ecause [Folke] did not obtain leave to add th[ese] completely new cause[s] of action." The court also struck the demand for a loan modification and the demand for injunctive relief given its rulings on the demurrer and motion to strike. It found the motion otherwise moot.

The court sustained respondents' demurrer in its entirety, without leave to amend. As to the first cause of action for "Equitable/Declaratory Relief," the court found that, given its rulings on the motion to strike and the demurrer as to all the other causes of action, "declaratory relief is not necessary or proper under all the circumstances."

As to the second cause of action for Breach of the Covenant of Good Faith and Fair Dealing, the court found that respondents could not have breached the covenant of good faith and fair dealing by not granting a loan modification because there was no contract in which the defendants agreed to grant a loan modification.

As to the third cause of action for Intentional Misrepresentation, the court found the FAC failed to "plead on

whose behalf Defendants made exactly what representation to Plaintiff, when and in what manner (orally or in writing), why such representation was known to be false when made, and Plaintiff's reasonable reliance which caused him damages."

As to the fourth cause of action for Quiet Title, the court found it failed because Folke had failed to allege he had tendered payment of the debt.

As to the fifth cause of action for "Negligence / Negligent Misrepresentation," the court sustained the demurrer to Negligent Misrepresentation for the same reason as the cause of action for Intentional Misrepresentation. As for Negligence, the court held that "a financial institution owes no duty of care to a borrower."

As to the sixth cause of action for Unfair Business Practices, the court held that "there is no causation for purposes of standing to bring a B & P Code § 17200 cause of action if Plaintiff's default which triggered the power of sale in the trustee's sale was not caused by the defendant's alleged unlawful, unfair or fraudulent conduct."

As to the seventh cause of action for "Breach of Contract/Promissory Estoppel/Promissory Fraud," the court found that Folke had failed to allege the existence of a loan modification agreement and there was no allegation of a clear and unambiguous promise regarding loan modification, nor detrimental reliance (i.e., Folke did not allege what action he took or refrained from taking in reliance on an unambiguous promise).

Folke timely appealed.[4]

_____

[4] On appeal, Folke argues various errors occurred in the UD Action, such as a complaint that "Deutsche Bank
*(Fn. is continued on the next page.)*

## DISCUSSION

### A.   *Folke Fails to Demonstrate the Court Erred in Not Consolidating or Relating This Case and the UD Action*

The heading of Folke's first argument reads: "The Trial Court (s) Failed to Apply The Proper Standard of Review for 'Notice of Related Case and Consolidation' of Real Property Cases where Title is at Issue and an Unlawful Detainer Matter is also pending concerning the Same Real Property in Violation of *Martin-Bragg v. Moore*, 219 Cal. App. 4th 367 (2nd App. Dist.2013)" (boldface removed).  We interpret Folke's argument as a contention that the court erred in failing to relate and

---

purposefully refused to turn over 'Discovery' which was at issue in the Unlawful Detainer" (boldface removed).  Folke also claims that "the court has entered a judgement for summary judgment in the 'unlawful detainer' case" (boldface, italics, and capitalization removed) and asks us to "issue a decision directing the trial court to vacate its[] order granting . . . Deutsche Bank's Summary Judgment Motion and enter a different" order denying the motion.

The Notice of Appeal in this case states that Folke is appealing a "Judgment of dismissal after an order sustaining a demurrer" and the Civil Case Information Statement attaches only the court's order sustaining the demurrer.  The documents make no mention of appealing the judgment in the UD Action.  " 'Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from.'  [Citation.]  We have no jurisdiction over an order not mentioned in the notice of appeal."  (*Faunce v. Cate* (2013) 222 Cal.App.4th 166, 170.)  Therefore, we do not consider Folke's contentions regarding any alleged errors or events occurring in the UD Action.

11

consolidate this case and the UD Action.  Folke has forfeited this argument for two reasons.

First, Folke "must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record."  (*WFG National Title Ins. Co. v. Wells Fargo Bank, N.A.* (2020) 51 Cal.App.5th 881, 894.)  He does neither.  Instead, he provides his thoughts on deficiency judgments, the cause of the "economic crisis gripping the United States," and a claim that he may challenge the foreclosure "because the Defendants have utilized fraudulent documents to procure title" and "there is also evidence that Defendants have failed to properly serve 'Notice' in matters similar to Plaintiff/Appellant's case."

Second, to the extent Folke complains that the court abused its discretion in refusing to relate this case to the UD Action, Folke fails to supply an adequate record for us to evaluate his claim.  The court's order addressing Folke's Notice of Related Case is not in the appellate record.  Thus, we have no way of reviewing the court's reasoning for not ordering the cases related. (See *Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416 [" 'if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed' "].)[5]

_____

[5] We note also that nothing in the record demonstrates Folke ever requested the cases be consolidated.  At the appellate oral argument, Folke insisted that he had requested the two cases be consolidated but did not clearly state whether he had made that request in this action, or in the UD Action.  In any case, when asked to provide a citation to the appellate record as to a motion or request to consolidate filed in this case, he could cite only to the Notice of Related Case.  Moreover, although asked
*(Fn. is continued on the next page.)*

12

**B.** *Folke Fails to Demonstrate the Court Erred in Regards to HBOR*

Folke next argues that "Reversal is Warranted as the Trial Court failed to adhere to the 'Strict' Requirements of California Code of Civil Procedure Sections 2015.5; 2923 (a) & (b); 2924 (a) (6); 2932.5; 2923.6; 2923.55; and California Civil Code Sections 2924 (a) & (b); 2924 (a) (5); 2923.6; 2923.55 et. seq., 2923.7 et. seq; 2923.9; 2924.10 et. seq. and 2924.11 et. seq." (boldface and italics removed). He then details various obligations that lenders have under these code sections—such as "sending a letter to the borrower that includes the HUD toll free number by first class mail and includes a toll-free number to the lender that provides access to a live representative during business hours" or "be[ing] responsible for monitoring the borrower's file and timely, accurately, and adequately communicate with the borrower about the status of the application"—and alleges that "these provisions

---

by the panel to provide the record citation to the clerk after oral argument, he did not do so.

The Notice of Related Case merely stated that the UD Action "involves the same parties and is based on the same or similar claims" and "arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact." It contained no argument that would substitute for a motion to consolidate or facts that would have alerted a trial court to the concerns raised in our case of *Martin-Bragg v. Moore* (2013) 219 Cal.App.4th 367. Moreover, to the extent Folke claims he suffered prejudice from the non-consolidation because "the court has entered a judgment for summary judgment [*sic*] in the 'Unlawful Detainer' Case" (capitalization, boldface, and italics removed), such prejudice occurred in the UD Action, not in this action.

. . . were not followed." In other words, Folke alleges the court violated some provisions in HBOR. There are three problems with Folke's argument.

First, we point out the obvious—courts are not required to adhere to the requirements of HBOR. Those provisions bind lenders, not courts.

Second, to the extent Folke is accusing respondents of violating HBOR, several of Folke's allegations are flatly contradicted by the allegations in the exhibits attached to the FAC. For example, in June 2019, Carrington sent Folke a letter that includes the HUD toll-free number and a toll-free number to the lender that provides access to a live representative during business hours. And while Folke contends respondents did not timely, accurately, and adequately communicate with him about the status of his loan modification application, the documents attached to his FAC show that his application was required to be received by July 21, 2019, and instead he sent his application— which was incomplete—on May 23, 2020, ten months late, and three calendar days before the foreclosure sale. Moreover, the application itself stated Carrington would have five business days to even acknowledge receipt of the application.

Third, the court did not strike Folke's cause of action for violating HBOR because he failed to state a claim—the court made no determination on that issue. Instead, the court struck that cause of action because Folke had failed to seek leave to amend his complaint with it. (See, e.g., *People ex rel. Dept. Pub. Wks. v. Clausen* (1967) 248 Cal.App.2d 770, 785 ["where the trial court sustains a demurrer to a pleading but grants leave to amend . . . such granting of leave to amend must be construed as permission to the pleader to amend the cause of action which he

14

pleaded in the pleading to which the demurrer has been sustained"]; *Harris v. Wachovia Mortgage, FSB* (2010) 185 Cal.App.4th 1018, 1023 ["Following an order sustaining a demurrer . . . with leave to amend, the plaintiff may amend his or her complaint only as authorized by the court's order"]; *ibid.* ["The plaintiff may not amend the complaint to add a new cause of action without having obtained permission to do so, unless the new cause of action is within the scope of the order granting leave to amend"].) Folke does not contend on appeal that the trial court erred by granting the motion to strike.[6] He has thus forfeited any right to seek reversal on that ground. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)

Even if the issue had been preserved, the trial court properly rejected the only argument Folke made seeking to justify the unauthorized amendments. In his opposition to the motion to strike, Folke asserted that the new causes of action were added "because the plaintiff learned and obtained documents that were being 'withheld' by defendants which show that plaintiffs' name [*sic*] was forged on documents presented in the federal bankruptcy court in Las Vegas, Nevada" (boldface removed). Respondents argued in their reply that the reference to forged documents was a "red herring," pointing out that they had never relied upon those documents to establish a chain of title to support foreclosure. Rather, the documents were junior

---

[6] The failure to contend the court erred in granting the motion to strike appears to have been intentional as Folke has commenced and is still prosecuting a new action against respondents based on the same allegations related to allegedly fraudulent deeds that were the core of the causes of action that were subject to the motion to strike.

deeds which appeared to have been executed by Folke in favor of individuals who shortly thereafter declared bankruptcy, which did not facilitate the foreclosure but had in fact delayed it. Thus, Folke fails to demonstrate the court erred in regard to HBOR.

### C. *Folke Fails to Demonstrate Other Error*

Finally, Folke claims the court's alleged failure "to follow the Applicable California Law resulted in the 'Wrongful Foreclosure' of Plaintiffs' [*sic*] Real Property" (boldface removed). After a prolonged discussion of the "one-action rule"—which is not at issue in this case—Folke contends the court erred because Carrington was a defunct corporation without authority to transfer title to the Property, and the chain of title contained forged or fraudulent documents. It is unclear what action by the court these claims relate to. If Folke intended to argue that the court erred in granting the motion to strike, sustaining the demurrer, or declining to relate or consolidate the cases because of Carrington's alleged defunctness or the allegedly forged documents, those arguments are forfeited for failure to present a reasoned argument or cite to relevant authority. (*WFG National Title Ins. Co. v. Wells Fargo Bank, N.A.*, *supra*, 51 Cal.App.5th at p. 894 ["In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis . . . . Similarly, we may disregard conclusory arguments that are not supported by pertinent legal authority"].)[7]

---

[7] Moreover, the allegation in Folke's appellate brief that Carrington is defunct is contradicted by Folke's allegation in his FAC "upon information and belief," that Carrington "is a business entity licensed to do business in the State of California." *(Fn. is continued on the next page.)*

## DISPOSITION

The judgment is affirmed. Respondents are awarded their costs on appeal.

NOT TO BE PUBLISHED

KELLEY, J.[*]

We concur:

ROTHSCHILD, P. J.

WEINGART, J.

---

Additionally, the "fraudulent" documents cited by Folke appear to be Deeds of Trust allegedly executed by Folke in favor of various individuals—Walter Manuel Corrales, Linda Cheryl Abrams, and Casandra Nicole White—who then filed bankruptcy, purposely or inadvertently stopping the foreclosure. Even assuming these Deeds of Trust were fraudulently executed and thus invalid, Folke provides no argument or authority that they should have prevented respondents from proceeding on their valid Deed of Trust.

[*]Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.