Filed 11/25/24  Enriquez v. Sholokhova CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| VICTOR DAVID FLORES ENRIQUEZ, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> YELENA SHOLOKHOVA, <br><br> Defendant and Respondent. | A168444 <br><br> (San Mateo County Super. Ct. No. 19-FAM-01592-B) |

In this parentage action, Victor David Flores Enriquez seeks to appeal from temporary custody orders and a child support order.  Because the orders are not appealable, we dismiss his appeal.

## BACKGROUND

Enriquez and respondent Yelena Sholokhova have a minor child together.  In January 2023, Sholokhova obtained an ex parte temporary emergency order granting her sole physical and legal custody of the child and terminating visitation between Enriquez and the child.  The ex parte order was based on Sholokhova's allegation that Enriquez had abducted the child by taking the child to Mexico.  At subsequent hearings on March 6, 2023, and April 24, 2023, the trial court continued the temporary

1

order granting sole custody of the child to Sholokhova with no visitation for Enriquez.

At the April 24, 2023 hearing, Enriquez informed the court that he "would like to postpone this case . . . [while] maintaining the emergency orders that were issued," pending the resolution of criminal charges against him. Based on Enriquez's agreement to maintain the existing temporary custody order, the court awarded Sholokhova sole legal and physical custody of the child with no visitation to father. The court made clear that "these are not permanent orders" and "[t]hey are not final." The court also ordered that Sholokhova's counsel draft the findings and order after the hearing for the court's review. Our record does not include the signed findings and order pertaining to the April 24, 2023 hearing.

The trial court did not issue its formal findings and order from the March 6, 2023 hearing until June. The June 6, 2023 order stated that "[t]he Temporary Emergency Orders . . . remain in full force and effect."

Subsequently, at a hearing on July 13, 2023, the trial court denied Enriquez's motion to reconsider or vacate a child support order that had been issued in December 2022.

## DISCUSSION

### A.

As an initial matter, Enriquez's Notice of Appeal mentions two orders as the basis for his appeal: the June 6, 2023 custody order, and the July 13, 2023 child support order. In addition, Enriquez's Civil Case Information Statement references a minute order dated April 24, 2023. And his brief purports to appeal an August 3, 2023 order. We lack jurisdiction over orders not identified in the Notice of Appeal, however. (*See In re J.F.* (2019) 39 Cal.App.5th 70, 75; *Faunce v. Cate* (2013) 222 Cal.App.4th 166, 170.)

2

**B.**

We also lack jurisdiction over Enriquez's challenge to the June 6, 2023 temporary custody order, but for a different reason.

Temporary custody orders—which, by definition, are not final—are not appealable. (*Smith v. Smith* (2012) 208 Cal.App.4th 1074, 1089-1090 (*Smith*); *Lester v. Lennane* (2000) 84 Cal.App.4th 536, 562, 565 (*Lennane*); *see also In re Marriage of Fajota* (2014) 230 Cal.App.4th 1487, 1496, fn. 5.) Interlocutory review of such orders must be obtained by writ. (*Lennane*, at p. 565.)

Although we have discretion to treat a defective appeal as a writ petition (*see Olson v. Cory* (1983) 35 Cal.3d 390, 400-401), we decline to do so here. As noted, at the April 24, 2023 hearing, Enriquez *asked* the court to continue the temporary custody order pending resolution of his criminal matter. Enriquez agreed to the temporary order pending resolution of his criminal charges *before* the trial court issued the June 6, 2023 findings and order he now seeks to challenge. He has therefore waived any basis for challenging the temporary custody order.[1]

**C.**

Enriquez's notice of appeal and brief also reference, as a basis for his appeal, the July 13, 2023 denial of his motion to reconsider or vacate a child support order originally entered in December 2022. At the July hearing, the court ordered that a written order be prepared. Although the July 13, 2023 minute order is in the record, the formal order is not included in our record. Where, as here, the court requires a formal order, a

---

[1] We note also that, because the June 6, 2023 order is temporary, when the court issues its formal order from the April 24, 2023 hearing, that subsequent order will supersede the earlier order.

minute order is not appealable.  (*See Smith*, *supra*, 208 Cal.App.4th at p. 1091.)[2]

## DISPOSITION

The appeal is dismissed.


BURNS, J.

WE CONCUR:


JACKSON, P.J.
SIMONS, J.

*Enriquez v. Sholokhova (A168444)*

---

[2] Even if the minute order were appealable, Enriquez has abandoned the issue by failing to make any argument in his opening brief as to why the trial court's denial of his motion was erroneous.  (*See* Cal. Rules of Court, rule 8.204(a)(1)(B); *St. Myers v. Dignity Health* (2019) 44 Cal.App.5th 301, 313.)

4