Filed 12/27/24  W.S. v. K.M. CA3

### NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| W.S., | C099628 |
| Plaintiff and Respondent, | (Super. Ct. No. 201261) |
| v. | |
| K.M., | |
| Defendant and Appellant. | |

Defendant K.M. files two notices of appeal from an August 2023 judgment.  But she raises no appellate issues from the August 2023 judgment in the argument section of her brief.  Instead, her argument section raises appellate issues from a February 2023 order that is not encompassed in either notice of appeal.  Because K.M.'s notices of appeal do not give us jurisdiction to review the February 2023 order and she does not properly raise arguments to the August 2023 judgment in the argument section of her brief, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

We have no reporter's transcript or proper substitute (see Cal. Rules of Court, rules 8.134, 8.137), so we derive the following background from the clerk's transcript. All dates are in 2023.

After plaintiff W.S.'s father died, W.S. (son) filed a request for a civil harassment restraining order against K.M., who is referred to in the record variously as father's roommate, girlfriend, and/or life partner. (Code Civ. Proc., § 527.6.) Claiming that K.M. threatened to shoot son when son went to father's property, son asked the court to order K.M. to: (1) not contact or harass son; (2) stay at least 300 yards away from son; and (3) move out of father's home. Acting in propria persona, K.M. filed a response to the request, refusing to agree to any of son's requested orders and claiming father told her she would get father's home. The court held a hearing at which K.M. appeared, and it set the restraining order request for trial on February 17.

The following week, son filed a request to modify the restraining order to prohibit K.M. from removing or selling father's property. Son's counsel withdrew that request and filed a declaration in support of the restraining order asserting that K.M. had converted some of son's personal property.

Following the February 17 trial at which K.M. did not appear, the court granted son a three-year restraining order (the February order). The February order required K.M. to: (1) not contact or harass son; (2) stay at least 100 yards away from son; (3) move out of father's home; and (4) return any property K.M. took from father's home. The order also declared son the rightful owner of a 1956 Ford and required that any document reflecting K.M. as the car's owner be changed.

On March 10, the court signed son's order requiring K.M. to return various personal property to son (the March order). Two months later, K.M. retained counsel and filed a motion to vacate the March order, arguing it was obtained due to K.M.'s mistake, inadvertence, surprise, or excusable neglect. After an evidentiary hearing on August 18,

the court vacated the March order and ordered K.M. to transfer two vehicles to son and pay a certain amount for another vehicle K.M. had sold or traded in. The ensuing judgment was signed on August 22 (the August judgment) and K.M., again acting in propria persona, timely appealed it.

## DISCUSSION

K.M. contends the trial court erred in issuing the February order because: (1) there was no credible threat of future harm to son; (2) the move-out and property return requirements are not proper subjects for a civil harassment restraining order; and (3) the court improperly allowed son's counsel to act on K.M.'s behalf at a hearing leading up to the February 17 trial. We cannot reach these contentions.

K.M.'s notices of appeal identify a single document as the source of her appeal: the August judgment. We see no basis to construe the very specific notices of appeal as embracing the separately appealable February order. (*In re J.F.* (2019) 39 Cal.App.5th 70, 76 [policy of liberally construing a notice of appeal does not apply if the notice is so specific it cannot be read as reaching a judgment or order not mentioned at all]; Code Civ. Proc., § 904.1, subd. (a)(1), (6).) Because our jurisdiction on appeal is limited to the August judgment, we lack jurisdiction to review the February order. (*Faunce v. Cate* (2013) 222 Cal.App.4th 166, 170.) And because K.M. does not properly articulate arguments regarding the August judgment in the argument section of her brief, we apply the presumption that the August judgment is correct.[1] (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.)

---

[1] We do not consider additional points appearing in the statement of facts of K.M.'s opening brief that are not set forth in the argument section under a separate heading or subheading. The statement of facts is an inappropriate place for argument. Instead, each point of argument must appear under a separate heading or subheading summarizing the point. (Cal. Rules of Court, rule. 8.204(a)(1)(B); *Schaeffer Land Trust v. San Jose City Council* (1989) 215 Cal.App.3d 612, 619, fn. 2 ["We do not address claims interwoven in

DISPOSITION

The August 22, 2023 judgment is affirmed. Son (respondent W.S.) is entitled to his costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


/s/_____
MESIWALA, J.


We concur:


/s/_____
HULL, Acting P. J.


/s/_____
KRAUSE, J.

---

a statement of facts unless they are discussed [elsewhere] under an appropriate heading"].)