Filed 12/16/25  Mendoza v. Khan CA4/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| MELISSA ROXANNE MENDOZA, | D085587 |
| Appellant, | |
| v. | (Super. Ct. No. 24FDV04537E) |
| ATIF ALI KHAN, | |
| Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Matthew Brower, Judge.  Affirmed.

Melissa Roxanne Mendoza, in pro. per., for Appellant.

Atif Ali Khan, in pro. per.; and Law Offices of Christopher E. Chaney and Christopher E. Chaney for Respondent.

The trial court issued a temporary domestic violence restraining order protecting Melissa Roxanne Mendoza against Atif Ali Khan, her former romantic partner, but later denied her request for a permanent DVRO. Mendoza—a self-represented litigant—appeals, contending various actions taken by the trial court rendered the hearing fundamentally unfair and

constituted a denial of due process.  In light of the deficient appellant record, we affirm.

## I.

## A.

Mendoza and Khan formerly dated.  In September 2024, Mendoza filed a request for a DVRO.  The same day, a temporary DVRO issued against Khan and in favor of Mendoza.

In her request, Mendoza accused Khan of raping her in November 2023.  She claimed Khan emotionally and verbally abused her "every other day" beginning in July 2023.  Mendoza, who Khan knew had Jewish heritage, also claimed that in October 2023 Khan threatened her by saying he wanted to kill Jews.

In December 2024, Mendoza lodged evidence, including text messages and photographs, in support of her request for a permanent DVRO.

At a January 2025 hearing, after Mendoza presented her case, the trial court granted Khan's oral motion for judgment under Code of Civil Procedure section 631.8.

## B.

The day after the hearing, Mendoza filed a motion to reconsider the dismissal of her DVRO request, relying in part on additional evidence.  The trial court has postponed ruling on the motion pending this appeal.

Mendoza submitted a proposed settled statement of the January 2025 hearing.  The trial court issued a "modified settled statement" "submit[ting] on the minute orders of the January . . . hearing appealed" and "reject[ing] all assertions made by [Mendoza] inconsistent with the above-mentioned court records."  The minutes of the hearing are nonsubstantive.

2

The settled statement noted the court "listened to the entirety of [Mendoza]'s testimony" at the hearing, but it "was perfunctory and did not cover the scope of the information reflected in her" DVRO request.  Mendoza "chose to appear remotely," which is "permitted and routine."  "No exhibits were admitted into evidence during [Mendoza]'s case."

C.

Mendoza's notice of appeal specifies only the January 2025 dismissal of her DVRO request.  Her notice designating the record on appeal includes only select items from the docket.

Mendoza has filed numerous motions in this court.  Notably, she sought to "supplement the appellate record" with an audio recording of the unreported January 2025 hearing that she presumably made, which request we denied.  Mendoza's June 24, 2025 request to judicially notice certain documents remains pending.

Khan has filed a motion to strike portions of Mendoza's reply brief, which also remains pending.

II.

We first address the pending motions before turning to Mendoza's claims.

A.

In his motion to strike portions of Mendoza's reply brief, Khan asks us to "strike or disregard" (1) new allegations not raised in the trial court or the opening brief; (2) facts lacking citations to the record; (3) allegations of procedural irregularities to which Mendoza did not object below; and (4) new legal theories first raised in reply.

We grant in part and deny in part Khan's motion.  We will disregard any facts not contained within the appellate record (see *People v. Nadey*

3

(2024) 16 Cal.5th 102, 208), but we exercise our discretion to overlook any failure by Mendoza to cite the record (Cal. Rules of Court, rule 8.204(e)(2)(C)). We will not consider new arguments made in reply or claims not properly preserved for appeal, as those claims are forfeited. (See *Gund v. County of Trinity* (2020) 10 Cal.5th 503, 525 [arguments first raised in reply forfeited]; *Aljabban v. Fontana Indoor Swap Meet, Inc.* (2020) 54 Cal.App.5th 482, 512 [""""An appellate court will ordinarily not consider procedural defects or erroneous rulings, in connection with relief sought or defenses asserted, where an objection could have been but was not presented to the lower court by some appropriate method."""].)

We grant Mendoza's unopposed request for judicial notice of two documents purportedly omitted from the record—(1) an e-mail to Mendoza from a former coworker of Khan's and (2) a text message from Khan to Mendoza containing an embedded "letter" (see Evid. Code, § 452(d)(1))—and, on our own motion, we augment the record with them (Cal. Rules of Court, rule 8.155(a)(1)(A)).

B.

1.

The Domestic Violence Prevention Act seeks to avert acts of domestic violence or abuse and to separate the persons involved for a period sufficient to resolve the underlying causes of the violence. (Fam. Code, §§ 6200, 6220.)

The Act provides that a DVRO to prevent the recurrence of domestic violence or abuse "may be issued . . . if an affidavit or testimony and any additional information provided to the court pursuant to section 6306, shows, to the satisfaction of the court, reasonable proof of a past act or acts of abuse." (§ 6300(a).) Such an order may be issued "based solely on the affidavit or testimony of the person requesting the restraining order." (*Ibid*.)

To obtain a DVRO, the applicant must show past abuse by a preponderance of the evidence. (*In re Marriage of Everard* (2020) 47 Cal.App.5th 109, 122.) We review orders granting or denying a DVRO for abuse of discretion. (*Id.* at p. 123.) In doing so, we do not reweigh the evidence or assess the credibility of witnesses; instead, we defer to the court's adjudication of the facts. (*Pope v. Babick* (2014) 229 Cal.App.4th 1238, 1246.)

2.

Before we address the merits of Mendoza's claims, we must address the deficient appellate record.

As a "fundamental principle of appellate procedure," we presume the trial court's order is correct. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) Because of this presumption, the appellant bears the burden to prove reversible error "on the basis of the record presented to the appellate court." (*Id.* at p. 609.) If "the record is inadequate for meaningful review," we will affirm the order. (*Ibid.* [cleaned up].)

We are mindful the technical requirements of the appellate process may be difficult for those without counsel or legal training to navigate. But a self-represented party "is to be treated like any other party and is entitled to the same, but no greater, consideration than" a party represented by counsel. (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574.) As a result, Mendoza needed to comply with the rules for preparing an adequate appellate record.

She did not. The DVRO hearing was unreported, making it more difficult to provide an adequate record. (*Jameson*, 5 Cal.5th at p. 608 ["lack of a verbatim record of such proceedings will frequently be fatal to a litigant's ability to have his or her claims of trial court error resolved on the merits by an appellate court"].) Although our record contains a settled statement, it fails to summarize the content of the parties' testimony or note what

5

objections were made, whether they were sustained or overruled, and the reasons why. Also missing is Khan's written response to Mendoza's request for a DVRO. Without these crucial pieces of the record, we are unable to assess some of Mendoza's claims, as explained below.

3.

As best we can parse her briefing, Mendoza contends (1) the trial court was biased against her, preventing her from introducing the testimony and evidence she desired, resulting in a denial of due process; (2) the trial court engaged in procedural irregularities that also resulted in a denial of due process; (3) the trial court erred in refusing to rule on her proposed settled statement and instead issuing its own corrected settled statement; (4) the trial court erred in refusing to rule on her motion for reconsideration; and (5) this court erred in failing to augment the record to include an audio recording she made of the appealed-from hearing. None of these contentions succeed.[1]

Mendoza first claims the trial court's actions at the DVRO hearing exhibited bias against her and in favor of Khan that resulted in a denial of due process. For example, she claims, among other things, the court penalized her for appearing remotely while rewarding Khan for appearing in person; made dismissive remarks about her self-represented status; "disregarded without review" the evidence she "submitted properly"; and struck her questions regarding and sustained Khan's objections to relevant

---

[1] While we considered all adequately developed arguments needed to resolve this appeal that Mendoza separately identified under an appropriate heading in her briefs, to the extent she has asserted additional arguments we have not addressed, we deem them forfeited. (See *People ex rel. Reisig v. Acuna* (2017) 9 Cal.App.5th 1, 25; Cal. Rules of Court, rule 8.204(a)(1)(B).)

topics, obstructing her ability to present her case. On this record, however, Mendoza fails to meet her burden to affirmatively show error.

We presume "that official duty has been regularly performed." (Evid. Code, § 664.) Thus, "the burden of proof is on [Mendoza] as the party claiming bias to establish facts supporting her position." (*Betz v. Pankow* (1993) 16 Cal.App.4th 919, 926.) "We review allegations of bias on the basis of the entire record and with the presumption the trial court acted in good faith." (*In re M.V.* (2025) 109 Cal.App.5th 486, 517-518.)

Although Mendoza makes certain representations *in her briefing* about what happened during the DVRO hearing, she fails to point to any *record evidence* to support her claims of judicial bias.

While the settled statement's assertion that Mendoza's "oral presentation at the hearing was perfunctory and did not cover the scope of the information reflected in her September 26, 2024, DV-100" could be construed as holding Mendoza to a heightened burden of proof, the statement is more amenable to the inference the trial court found Mendoza not credible given her failure to testify with a similar degree of specificity as her written DVRO request. Because we presume the court's good faith, we accept the latter inference. (*M.V.*, 109 Cal.App.5th at pp. 517-518.) Thus, as we cannot revisit the court's finding, implicit in its ruling, that Khan was more credible than Mendoza (*Pope*, 229 Cal.App.4th at p. 1246), Mendoza's claim of judicial bias fails.

Second, Mendoza claims the trial court engaged in procedural irregularities during the hearing that denied her due process. For example, beyond the acts detailed above, she claims the court permitted Khan to commit perjury without consequence and ignored her proper proof of service. But the deficient record lacks any indication Mendoza objected to any alleged

7

procedural irregularities during the January 2025 hearing.  Accordingly, not only do we presume the court ruled correctly (*Jameson*, 5 Cal.5th at pp. 608-609), but also any such claim is forfeited by her apparent failure to object (*Aljabban*, 54 Cal.App.5th at p. 512).  To the extent Mendoza purports to challenge instances of record tampering or documents missing from the record, such matters are beyond our jurisdiction.  (See Code Civ. Proc., § 904.1 [appeals may be taken only from enumerated orders and judgments]; *Faunce v. Cate* (2013) 222 Cal.App.4th 166, 170 ["'Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from.'"].)  Mendoza is therefore not entitled to relief on this ground.

Third, to the extent Mendoza contests the sufficiency of the settled statement or the process by which the record was settled in this matter, these matters again are not appropriately before us, as they arose after the appealed-from judgment.  (*Faunce*, 222 Cal.App.4th at p. 170.)  Besides, this court previously informed Mendoza that "[i]ssues related to the trial court's conduct in connection with the settled statement may be addressed via petition for writ of mandate, if at all."  Mendoza failed to follow this procedure.

Fourth, Mendoza contends the trial court erred in refusing to rule on her subsequent motion for reconsideration pending this appeal.  Because Mendoza does not appeal this ruling, we lack jurisdiction over it.  (*Faunce*, 222 Cal.App.4th at p. 170.)  Even were that not so, however, the trial court properly delayed deciding the motion because it lacks jurisdiction to do so pending this appeal.  (*Young v. Tri-City Healthcare Dist.* (2012) 210 Cal.App.4th 35, 53.)

Finally, Mendoza argues this court erred in denying her request to augment the record with the audio recording of the January 2025 hearing.

8

Mendoza has forfeited the issue by failing to adequately develop the argument on appeal and support it with citations to legal authority. (*In re Champion* (2014) 58 Cal.4th 965, 986.) At any rate, this court appropriately denied the requested augmentation, as the uncertified audio recording is neither a "document filed or lodged in the case in superior court" nor a "certified transcript—or agreed or settled statement—of oral proceedings." (Cal. Rules of Court, rule 8.155(a)(1)(A)-(B).)

In short, on this deficient record, we must affirm. As we must presume the evidence and inferences necessary to support the court's determination are contained within the unrecorded testimony (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992) and because no reversible error appears on the face of the record (*Bond v. Pulsar Video Productions* (1996) 50 Cal.App.4th 918, 924), we conclude the trial court did not abuse its discretion in denying Mendoza's DVRO request.

### III.

We affirm. Each party shall bear their own costs on appeal.

CASTILLO, J.

WE CONCUR:

IRION, Acting P. J.

KELETY, J.

9