Filed 12/31/25  Martens v. Public Guardian of L.A. County CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| REBECCA MARTENS,<br><br>        Appellant,<br><br>        v.<br><br>PUBLIC GUARDIAN OF LOS ANGELES COUNTY,<br><br>        Respondent. | B341889<br><br>(Los Angeles County Super. Ct. No. LP014237) |

APPEAL from an order of the Superior Court of Los Angeles County, Lee Bogdanoff, Judge (Ret.), and William Barry, Judge.  Affirmed.

Rebecca Martens, in pro. per., for Appellant.

Dawyn R. Harrison, County Counsel, Laura Quiñonez, Assistant County Counsel, Nedra Jenkins, Principal Deputy County Counsel, for Respondent.

Appellant Rebecca Martens (Martens) is the mother of Merik Migliore (Migliore), an adult who is the beneficiary of the Merik Migliore Special Needs Trust (the trust). Martens—but not Migliore—appeals from two probate court orders, claiming she is aggrieved by the orders in her own right.[1] We consider whether and to what extent Martens has standing to pursue this appeal and whether her contentions are forfeited in light of the record and briefs Martens provided.

## I. BACKGROUND

### A. *The Trust*

Insofar as we can discern given the state of the record on appeal (more on this later), the pertinent background facts appear to be these.[2] In 2008, the Los Angeles Superior Court issued an order approving the disposition of proceeds of a

---

[1]    Though Migliore initially filed a notice of appeal, his appeal was dismissed because he was in default pursuant to California Rules of Court, Rule 8.140(a).

[2]    Martens filed a request asking us to judicially notice two documents. We grant the request as to the order from *Migliore v. Aiken*, Los Angeles Superior Court Case No. BC343540, because judicial notice of the records of "any court of record of the United States or of any state of the United States" is proper under Evidence Code section 452, subdivision (d)(2) and Martens submitted a file-stamped copy of the order. We deny the request as to the second document, however, which appears to be a copy of an order issued in 2008 appointing a guardian ad litem for Migliore. Though the document purports to be an order of the superior court, it lacks a file stamp or other evidence of reliability. (See *Wolf v. CDS Devco* (2010) 185 Cal.App.4th 903, 914-915.)

2

judgment for a minor in a matter entitled *Migliore v. Aiken*, case number BC343540. Among other things, the order created the trust, of which Migliore was the sole named beneficiary, and provided the trust would be subject to the continuing jurisdiction of the Los Angeles County Superior Court. The order specifically provided the trustee was authorized to spend a certain amount of the trust's money "to purchase a personal residence in which [Migliore] and his mother will live, without the payment of rent . . . ." This personal residence was to be an asset of the trust, and at the time the trust was formed, Martens was serving as Migliore's guardian ad litem.

### B. The Challenged Probate Court Orders

Martens has noticed appeals from probate court proceedings on October 15, 2024, October 23, 2024, and November 6, 2024. We shall describe the pertinent procedural background to the extent the appellate record permits.

In December 2023, the Public Guardian of Los Angeles County (public guardian) filed an ex parte application for four different orders, including an order authorizing the sale of the personal residence owned by the trust. Neither the application nor any related documents are included in the appellate record.

In January 2024, the trial court held a hearing on the public guardian's ex parte application. The public guardian, Martens, Migliore, court-appointed counsel for Migliore, and another attorney serving as guardian ad litem for Migliore all appeared at the hearing. The probate court expressed uncertainty about the purpose of the ex parte application because it had previously authorized, in a March 2023 order, sale of the property under tax-advantaged conditions. The public guardian

3

explained its application was seeking to eliminate those conditions because the property did not meet the necessary legal criteria.

Martens and Migliore objected to the public guardian's request for relief. Migliore, who was dissatisfied by his court-appointed counsel, told the court he would like to get his own attorney to represent him. Migliore also said he filed for bankruptcy the day before the hearing.[3] The court continued the matter to January 22.

The court held a hearing on January 22, 2024. Neither Migliore nor Martens appeared. During the hearing, the court stated Migliore's Chapter 7 bankruptcy had little effect on the public guardian's request for relief because Migliore held at most a beneficial interest in the trust. The court accordingly overruled Migliore and Martens's objections and granted most of the relief the public guardian sought, including the request for an order authorizing the sale of the trust property without the conditions.

In August 2024, the public guardian filed a report of sale and petition for order confirming the sale of the residence. The following month, Martens and Migliore filed objections to the inventory and appraisal, objecting to the sale of the property and separately asserting Migliore is not a conserved person. In addition, Migliore and Martens filed a "pro per" petition (1) asking the probate court to "decant" the special needs trust to a domestic asset protection trust, (2) protesting that Migliore neither needed nor wanted a guardian ad litem, and (3)

---

[3]    Martens attached a copy of a Notice of Bankruptcy Case Filing indicating Migliore filed for Chapter 7 bankruptcy on January 3, 2024.

4

informing the court that Migliore executed a durable power of attorney in 2001 appointing Martens as his attorney-in-fact and granting her broad authority to act on his behalf.

On October 15, 2024, the probate court held a hearing on the petition to confirm the sale of the trust-owned residence. Migliore and Martens asserted they did not attend the hearing eight months earlier (in January 2024) where the court authorized sale of the property without conditions because they thought the hearing was taken off calendar by a January 5, 2024, minute order (which is not in the appellate record). The court explained the January minute order had taken an order to show cause off calendar, but it had not affected the hearing on the petition. The court additionally explained the issue of whether or not the residence was to be sold had already been decided and, thus, any objection to the sale was untimely and overruled.

At the same hearing, the probate court also denied Migliore's request to dismiss his guardian ad litem.[4] The court explained one factor in reaching its decision was the fact that Migliore appointed Martens his agent under a power of attorney. Since Martens is not a beneficiary of the special needs trust, it seemed she was still acting under the power of attorney. The court believed this raised the question of whether Martens also suspected Migliore lacked capacity.

On October 23, 2024, the probate court issued an order confirming the sale of the subject property. This order is not included in the appellate record, but a copy is attached to

---

[4]     The court did, however, grant the request made by Migliore's court appointed counsel to be discharged.

Martens's Civil Case Information Statement. We augment the record to include the order on our own motion.

We do not have in the appellate record a reporter's transcript (or a substitute) for a later hearing held on November 6, 2024. The appellate record also does not include any documents filed in advance of this hearing. A minute order indicates the hearing was held on a petition filed by the public guardian concerning an accounting. The trial court overruled Martens's objections to the petition, ostensibly filed on Migliore's behalf, reasoning she was not a member of the bar and therefore could not represent Migliore and file papers on his behalf under the power of attorney. The court believed that entertaining Martens's objections would be sanctioning the illegal practice of law.

## II. DISCUSSION

Martens's appeal suffers from a variety of defects that collectively, and in some cases individually, require affirmance. Martens purports to represent Migliore on appeal, but she is not permitted to do so and she lacks standing to challenge most of the rulings identified in her notice of appeal on her own behalf.[5] Insofar as Martens may have standing to challenge orders related to the sale of the personal residence because a prior order stated she was to live with Migliore in the property rent-free, the

---

[5] Martens's notices of appeal state she is appealing orders dated October 15, 2024, and October 23, 2024. So far as the record reveals, there was no formal order made on October 15, 2024, though it appears the October 23, 2024, order confirming sale of the subject property was issued pursuant to rulings made at the hearing on October 15, 2024.

6

challenge still fails: her arguments are almost entirely unsupported by citations to the record and therefore waived, she has provided an inadequate record to affirmatively demonstrate error in most respects, and the only contention she can be understood to raise (with standing to raise it) fails on the merits in any event.

### A. Martens Lacks Standing as to Most Challenged Matters

Martens's appellate briefing invokes not just her own interests, but also those of Migliore. To the extent Martens is attempting to vindicate Migliore's rights, she is not permitted to do so. Martens is not an attorney, and though she appears to be Migliore's attorney in fact, the law is clear that she may not, in that capacity, represent him or his interests in litigation. (*Drake v. Superior Court* (1994) 21 Cal.App.4th 1826, 1832 [an attorney in fact "may not use the statutory form power of attorney as a device to practice law for his [or her] principal"].) Allowing her to do so would be "inconsistent with laws prohibiting the unauthorized practice of law and would sanction criminal conduct." (*Id.* at 1830.)

As to her own interest in the litigation, it is uncontested that Martens is neither a party to the action nor a beneficiary of the trust. Martens nevertheless argues she has standing as an aggrieved party in her own right based on the 2008 order approving the settlement that created the special needs trust. Specifically, Martens contends she has standing because the order authorized the trustee to spend trust funds "to purchase a personal residence in which [Migliore] and his mother will live, without the payment of rent . . . ."

"[S]tanding for purposes of the Probate Code is a fluid concept dependent on the nature of the proceeding before the trial court and the parties' relationship to the proceeding, as well as to the trust (or estate)." (*Arman v. Bank of Am.* (1999) 74 Cal.App.4th 697, 702-703.) Generally, "[a]n interested person may appear and make a response or objection in writing at or before [a probate] hearing." (Prob. Code, § 1043, subd. (a).) An "interested person" includes a person "having a property right in or claim against a trust estate or the estate of a decedent which may be affected by the proceeding," a "person having priority for appointment as personal representative," and a "fiduciary representing an interested person." (Prob. Code, § 48, subd. (a).) "The meaning of 'interested person' as it relates to particular persons may vary from time to time and shall be determined according to the particular purposes of, and matter involved in, any proceeding." (Prob. Code, § 48, subd. (b).)

Martens's contention that she has standing because the 2008 order asserted Migliore and Martens were to live in the personal residence rent-free does not address the matter of her standing as to any of the other matters referenced in her appeal. While courts have "allowed interested persons to petition to remove a guardian ad litem," (*Chui v. Chui* (2022) 86 Cal.App.5th 929, 936), Martens does not qualify as an "interested person" vis-a-vis the appointment of a guardian ad litem for her adult son— who she asserts is competent to act on his own behalf. Nor does she qualify as an "interested person" with respect to other issues of trust administration, as she is not a beneficiary of the special needs trust and claims no property interest in anything other than the personal residence. Thus, to the extent Martens

purports to appeal from any orders not related to the subject property, she obviously lacks standing to do so.

That leaves the issue of the provisions of the probate court's 2008 order concerning the subject property. The order's reference to Martens is limited, stating only that Migliore and Martens, as his mother, would live in the personal residence "without the payment of rent." The order, signed when Migliore was a minor, implies, though it does not so state, that Martens was to live with Migliore as his caretaker, characterizing Migliore as having "a disability that substantially impairs his ability to provide for his own care or custody." The trust itself, however, makes no mention of any intent to benefit Martens or grant her an interest in any trust property. To the contrary, it expressly states that in administering and managing the trust, the trustee is to "consider solely the interest of the Beneficiary, Merik Migliore." Matters are further complicated by Martens's assertion in her reply brief that a 2022 modification of the 2008 order removed her right to live in the residence without paying rent. (That order is not part of the appellate record.) Thus, the most we can say on the sparse record before us is the 2008 order may grant some sort of property right to Martens by providing she could live rent-free in the home with Migliore. (See *Dickman v. C.I.R.* (1984) 465 U.S. 330, 336 ["use under a tenancy at will[] has long been recognized as a property right"].) For purposes of this appeal, we will therefore assume Martens has standing solely on that narrow issue.

### B. Martens's Arguments Are Waived For Failure to Cite the Record

"It is the duty of a party to support the arguments in its briefs by appropriate reference to the record, which includes providing exact page citations." (*Bernard v. Hartford Fire Ins. Co.* (1991) 226 Cal.App.3d 1203, 1205; accord, Cal. Rules of Court, rule 8.204(a)(1)(C).) If a party fails to support an argument with the necessary citations to the record, that portion of the brief may be stricken and the argument deemed to have been waived. (*Ojavan Investors, Inc. v. California Coastal Com.* (1997) 54 Cal.App.4th 373, 391; *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.) Though Martens's briefs include some legal citations, they are almost entirely devoid of citations to the record.[6] We recognize that Martens is a self-represented litigant, but she "is entitled to . . . no greater consideration than other litigants. [Citations.]" (*County of Sacramento v. Singh* (2021) 65 Cal.App.5th 858, 861; see also *Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543 [self-represented litigants "are held to the same standards as attorneys"].) Without proper citations to the record, all of Martens's arguments are waived.

### C. The Appellate Record Is Largely Inadequate

Though we assume Martens has standing in the narrow respect previously discussed, the bulk of her appeal still suffers from a fatal defect apart from the aforementioned lack of citations: she has not provided a record adequate to affirmatively

---

[6] The only identifiable citations to the record are brief references to exhibits to Martens's request for judicial notice.

10

demonstrate error. "'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; see also *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 [declining to consider the merits of a cross-appeal where plaintiff failed to furnish an adequate record, stating, "It is well settled . . . that a party challenging a judgment has the burden of showing reversible error by an adequate record"].)

Martens's briefs—as distinguished from her notice of appeal—challenge a 2021 order appointing a guardian ad litem for Migliore, a 2022 order which purportedly modified the 2008 order establishing the special needs trust, the probate court's October 2024 order confirming the sale of the subject property, and the probate court's November 6, 2024, ruling.

Even putting aside the point that the 2021 and 2022 orders are outside the scope of this appeal (as they are unidentified on the notices of appeal, which would be untimely in any event) (see, e.g., *Faunce v. Cate* (2013) 222 Cal.App.4th 166, 170), the appellate record does not include a file-stamped copy of the 2021 order or any orders from 2022. Nor does it contain reporter's transcripts of hearings relevant to those orders, minute orders of the relevant hearings, or any motions, petitions, or briefing that led to those orders. The absence of these documents precludes appellate review.

The appellate record does include a minute order from the hearing on November 6, 2024, but it does not include the formal

11

order issued by the court.[7]  Without it, we have no adequate record for review and Martens cannot affirmatively demonstrate error.  We therefore turn finally to the sole remaining issue for which we do have a minimally adequate record: the probate court's October 2024 order confirming the sale of the subject property.

> D.    *Martens's Challenge to the Sale of the Subject Property Lacks Merit*

As to the October 2024 probate court proceedings confirming the sale of the subject property, the only argument Martens can be charitably said to advance that does not rely upon her challenge to the appointment of the guardian ad litem is her contention that the court's order approving the sale without her participation was error; she advances no substantive argument as to why the court erred in overruling any objections she asserted.  The limited record we have reveals Martens was present at the hearing on October 15, 2024 (which is the only hearing regarding the sale that is encompassed by her notice of appeal).  Thus, she has not demonstrated the court approved the sale without her participation or in violation of her rights to notice and to be heard.

---

[7]    Additionally, the arguments Martens presents in her brief do not appear to challenge any rulings made at the November hearing.

DISPOSITION

The probate court's orders are affirmed.  The public guardian is awarded costs on appeal.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, J.

We concur:


HOFFSTADT, P. J.


MOOR, J.