Filed 6/23/26  R.H. v. C.A. CA3

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)


| | |
|---|---|
| R.H.,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>C.A.,<br><br>    Defendant and Appellant. | C103691<br><br>(Super. Ct. No. STA-FL-CUSU-2014-0003291) |


This appeal arises out of a child custody dispute between plaintiff R.H. (mother) and defendant C.A. (father) over their 10-year-old child.  Although mother's brief is short on details, the principal thrust of her claims is that the trial court erred in issuing a three-year domestic violence restraining order (DVRO) against her; erred in giving father sole legal and physical custody of the child with supervised visits by mother; and erred in denying mother's subsequent request to modify the child custody and visitation order. She specifically argues that the trial court (1) violated due process by relying on unserved and late-filed orders; (2) modified custody without adequate findings or evidence; (3) improperly relied on the DVRO to support the change in custody; (4) ignored evidence in her favor and improperly relied on father's "untested" allegations; and (5) exhibited bias against her.  We conclude that mother has forfeited whatever contentions she is attempting to raise on appeal by failing to comply with the applicable rules of appellate procedure.

1

BACKGROUND

We omit a detailed summary of the facts as they are not relevant to our disposition of this case. It suffices to say that mother and father were in a relationship from 2012 until about 2021. They had one child, born in 2014. Mother had sole legal and physical custody of the child from 2015 until 2024. In June 2024, father filed a request for change in custody, seeking both legal and physical custody. Father also requested a DVRO against mother, primarily on the grounds that mother was harassing father by fomenting unnecessary welfare checks. The trial court granted the DVRO and gave father sole legal and physical custody of the child, with supervised visits for mother. Mother subsequently filed requests to set aside the DVRO and restore her physical and legal custody, which were denied. Mother purports to appeal from the DVRO and the custody and visitation orders giving father sole legal and physical custody.

We pause here briefly to note that although mother's brief refers to several orders and rulings issued by the trial court, the notices of appeal specifically identify only three orders that are being appealed: an October 14, 2024 order after hearing; the February 6, 2025 DVRO; and an August 5, 2025 order denying mother's request to modify the custody and visitation order giving father sole legal and physical custody of the child. When a notice of appeal specifically describes the order or orders being appealed, our jurisdiction is limited to reviewing the specified orders; we cannot liberally construe the notice to apply to a different, omitted order. (*In re J.F.* (2019) 39 Cal.App.5th 70, 75; *Faunce v. Cate* (2013) 222 Cal.App.4th 166, 170; *Morton v. Wagner* (2007) 156 Cal.App.4th 963, 967.) We therefore have jurisdiction to review only those three orders, one of which—the October 14, 2024 order—is not included in the record on appeal.[1]

_____

[1]    We assume for purposes of this appeal that the challenged custody orders constitute permanent custody orders. To the extent they constitute temporary custody

2

" '[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.]' (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) 'This means that an appellant must do more than assert error and leave it to the appellate court to search the record and the law books to test his [or her] claim.' " (*L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 619-620.) We have neither the obligation nor the ability to search the record on our own looking for error. (*Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115; *Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545-546.)

To demonstrate error, an appellant must present "meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) "When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived." (*Benach v. County of Los Angeles et al.* (2007) 149 Cal.App.4th 836, 852; accord, *Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956; *Hernandez et al. v. First Student, Inc. et al.* (2019) 37 Cal.App.5th 270, 277; see Cal. Rules of Court, rule 8.204(a)(1)(B) & (C).)

Mother's brief on appeal falls far short of these standards. Among other things, her brief omits an adequate summary of the facts relevant to her contentions; fails to support her factual assertions with proper citations to the record; and contains only conclusory arguments, unsupported by any meaningful analysis or citations to authority.

---

orders, the purported appeals would be subject to dismissal because such orders are not appealable. (*Smith v. Smith* (2012) 208 Cal.App.4th 1074, 1089-1090; *Lester v. Lennane* (2000) 84 Cal.App.4th 536, 556.)

In addition, the record is plainly inadequate. One of the orders that mother seeks to appeal—the October 14, 2024 order—is not even included in the record on appeal.

Accordingly, while we appreciate the effect on mother of the orders she seeks to challenge on appeal, we conclude that she has forfeited whatever contentions she may be attempting to raise on appeal. (*L.O. v. Kilrain, supra*, 96 Cal.App.5th at p. 620; *Huong Que, Inc. v. Luu* (2007) 150 Cal.App.4th 400, 409-410; *Blizzard Energy, Inc. v. Schaefers* (2021) 71 Cal.App.5th 832, 857; *Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435.)

We are mindful that mother is self-represented, but this does not exempt her from compliance with the rules of appellate procedure. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.) " 'A party proceeding in propria persona "is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys." ' " (*L.O. v. Kilrain, supra*, 96 Cal.App.5th at p. 620; *Nwosu*, at p. 1247.)

DISPOSITION

The challenged DVRO and child custody/visitation orders are affirmed.  In the interests of justice, each party shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)

\s\
KRAUSE, Acting P. J.

We concur:

\s\
BOULWARE EURIE, J.

\s\
WISEMAN, J.*

---

*       Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.